**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank LOMPREZ, Jr., and Joseph William Smith, Defendants-Appellants.**

**Nos. 71–1106, 71–1110.**

United States Court of Appeals,
Seventh Circuit.

Argued June 15, 1972.

Decided Dec. 14, 1972.

Rehearing and Rehearing En Banc
Denied Jan. 6, 1973.

Certiorari Denied May 7, 1973.
See 93 S.Ct. 2144.

of the Federal Bureau of Investigation during their questioning of Smith at his home on the evening of the robbery. The robbery had taken place at the State Bank of Farmersville, Farmersville, Illinois at about 2:20 P.M. on May 27, 1970. At 9:00 P.M. that evening the police and agents of the Federal Bureau of Investigation arrived at the defendant Smith's home after tracing a license number of a car observed at the scene of the crime. During the questioning, Smith told the agents that at the time of the robbery he was shopping at a nearby store with his wife and two children. Before any questioning had been commenced, the defendant Smith was advised by the agents of the full ambit of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). About one-half hour into the interview but after the statement had been made, the defendant told the agents that he thought he ought to call an attorney. The agents then gave defendant Smith an opportunity to use the telephone for this purpose, but he made no effort to contact an attorney. The questioning continued.

Michael J. Costello, Springfield, Ill., for defendants-appellants.

Donald B. Mackay, U. S. Atty., Gregory M. Wilson and Max E. Goodwin, Asst. U. S. Attys., Springfield, Ill., for plaintiff-appellee.

Before FAIRCHILD, Circuit Judge, SPRECHER, Circuit Judge, and CAMPBELL, Senior District Judge.*

CAMPBELL, Senior District Judge.

Following a jury trial in the Southern District of Illinois, the defendants Frank Lomprez, Jr., and Joseph William Smith, were found guilty on a three count indictment charging them with bank robbery, in violation of 18 U.S.C. § 2113(a) (b) and (d). Judgments of conviction were entered on the verdicts and the defendants have appealed, raising some twelve contentions of error. We affirm.

The defendants object first to the introduction into evidence of a statement made by the defendant Smith to agents

■ The government contends that the defendant Smith was not "in custody" within the meaning of *Miranda* and that since the questioning was conducted in a non-coercive atmosphere, the statements were voluntary and thus admissible into evidence. The admissibility of the statements, however, need not turn upon a determination of whether the defendant was "in custody". Inasmuch as the full *Miranda* warnings were given the defendant and since the statements were made prior to the defendant's expression of a desire to contact an attorney, we believe that the statements were voluntary and thus admissible into evidence.

■ The defendants next contend that since the statements did not amount to a confession or an admission, their introduction violated the defendant's privi-

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

lege against self-incrimination. The government's theory, with which we agree, was that the statement constituted a "false exculpatory statement" and thus had independent probative value as evidence of a consciousness of guilt. See United States v. McConnery, 329 F.2d 467 470 (2d Cir. 1964). The defendants maintain that "false exculpatory statements" are admissible only where the defendant has testified and thus waived his privilege against self incrimination. No authority is cited for this contention and the *McConnery* case contravenes its validity.

■ The defendants also claim that the district court erred in refusing to grant a severance and in failing to give an instruction limiting the jury's consideration of the false exculpatory statement of defendant Smith to defendant Smith alone. Relying on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the defendants argue that the false exculpatory statement of the defendant Smith prejudiced the defendant Lomprez. Unlike the situation in *Bruton,* however, the defendants here were not charged with a conspiracy. No instruction permitting the jury to consider the statements of a co-conspirator against another co-conspirator was given. The statement itself related only to the defendant Smith's activities on the day in question and thus could not have prejudiced the defendant Lomprez.

■ Another error occurred, the defendants say, when the district court refused to order prior to trial the production of a statement made by the defendant's Smith's wife to the FBI agents on the evening of May 27, 1970. Since the defendant's wife was not called as a government witness, neither Rule 16 of the Federal Rules of Criminal Procedure nor § 3500 of Title 18 of the United States Code require such production and, thus, the defendant's argument is without merit.

■ The same is true with respect to the defendants' contention that government exhibit 8 was improperly admitted into evidence. The exhibit consisted of a sales slip from the K-Mart Store where the defendant Smith, in his statement to the FBI agents, claimed he was at the time of the robbery. The sales slip was discovered during a search of the trunk of the defendant's automobile. Since the defendant Smith consented in writing to the search, its fruits were properly admissible into evidence.

■ A further objection to the admission of government exhibit 8 is raised on the ground that its admission violated the best evidence rule. The purpose of this exhibit was to demonstrate that the defendant was not in the K-Mart store at the time of the bank robbery and that, therefore, his statement to that effect to the F.B.I. agents thus constituted a "false exculpatory statement". A clerk from the store, whose testimony provided the foundation for the admission of the sales slip, stated that she referred to a book in her office for purpose of determining which cash register had issued the sales slip. The defendant maintained that this book should have been offered by the government and that it constituted the best evidence. However, the book was not a record of transactions but was merely a reference manual which would have added nothing to the testimony of the witness. Since the so called "book" was not essentially a written transaction, it does not fall within the requirements of the best evidence rule. See Meyers v. United States, 84 U.S.App.D.C. 101, 171 F.2d 800 (1948), cert. denied, 336 U.S. 912, 69 S.Ct. 602, 93 L.Ed. 1076 (1949).

■ Next the defendants maintain that the government suppressed evidence favorable to the defense in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The supposedly favorable evidence consisted of the statements of two witnesses who could not positively identify the defendants. However, all of the witnesses testified at the trial. Two of these three witnesses made positive in-court identifications of the defendants while one wit-

ness was not positive. Too, the government furnished the defense with the name and address of an alibi witness who had been interviewed by the government and whose testimony was favorable to the defense. In view of these facts the defendants' contention that the government suppressed evidence favorable to them is without basis.

 It is also asserted by the defendants that prejudicial error occurred in the closing argument of the government. The prosecutor stated to the jury that three witnesses had made positive identifications of the defendants whereas the evidence disclosed that only two witnesses made such identifications. Although the prosecutor was mistaken about the evidence, we don't believe that his comment rises to the level of prejudicial error. The jury heard the evidence and was thus in a position to properly assess the comment of the prosecutor. The other prosecutorial remark complained of by the defendants consisted of a statement by him that one of the defense counsel had been present at a lineup where he had an opportunity to question the witnesses and that perhaps this lawyer should have testified. Although this comment by the prosecutor was improper, it was immediately objected to and the jury was instructed to disregard it. We find no error in this regard.

Nor are we persuaded by the defendant's contention that the trial court erred in giving an instruction on dangerous weapons. The evidence disclosed that the two men who participated in the robbery were both armed and that their guns were drawn. The instruction was thus clearly based on the evidence and was not improper.

Yet another contention of the defendants is that there was a fatal variance between the amount of money stated in the indictment and the amount which the proof at trial demonstrated to have been stolen from the bank. The indictment charged that $5765.00 had been taken from the bank. During the trial figures of $5765.00, $5735.00 and $5300.00 were mentioned. The variance, if any, was thus no greater than $465.00. We do not consider such a variance to be fatal.

Lastly, the defendants maintain that the evidence was not sufficient to support the guilty verdict. We disagree inasmuch as two occurrence witnesses positively identified each defendant as a participant in the bank robbery. The credibility of these witnesses and the weight to be given their testimony was clearly for the jury to determine.

For the reasons stated, the judgments of conviction are affirmed.