UNITED STATES of America,
Plaintiff-Appellee,

v.

James DAVIS, Jr., Defendant-
Appellant.

No. 72–1940.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 18, 1973.

Decided Oct. 11, 1973.

W. Henry Walker, E. Chicago, Ind., for appellant.

John R. Wilks, U. S. Atty., Hammond, Ind., for appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and SPRECHER, Circuit Judge.

SPRECHER, Circuit Judge.

The defendant-appellant, James Davis, Jr., was convicted upon a jury trial of violating 21 U.S.C. § 841(a)(1), possession of heroin with intent to distribute, and sentenced to five years imprisonment.

Upon appeal three issues have been raised: (1) sufficiency of the evidence; (2) competency of a co-defendant, inasmuch as he admitted being under the influence of narcotics at the time about which he testified; and (3) the absence of the defendant for 25 minutes at the beginning of the second day of trial.

The co-defendant, Frederick W. Scott, who pleaded guilty to the lesser charge of possession, testified that he sold drugs at Apartment 2–S, 622 East 7th Street in Gary, Indiana, for defendant,

that he received the drugs from defendant and that he delivered the sale money to the defendant. He further testified that on June 14, 1971, he sold an ounce of heroin at Apartment 2–S to one Clarence Hobson who paid him $500 in bills with serial numbers recorded by the Bureau of Narcotics and Dangerous Drugs; and that although defendant was not at the apartment when Hobson arrived, he subsequently appeared, weighed the heroin, gave it to Scott for delivery to Hobson, and received the recorded bills from Scott.

Several witnesses testified that two weeks later, on June 28, 1971, Bureau agents searched Apartment 2–S pursuant to a search warrant and found heroin and narcotics paraphernalia in the bedroom where defendant had been sleeping. The agents also found $100 of the recorded bills among defendant's money in the bedroom.

Defendant testified in his own behalf that the apartment was not his, that it was rented to a girl friend, that he had dropped in the night before the search with another girl friend, and that he had no connection with Scott's narcotics business.

■ In addition to Scott's testimony and the recorded bills, there was evidence that defendant's mother owned the building at 622 East 7th Street, that his sister lived in Apartment 1 in the building, and that two receipts in the bedroom of Apartment 2–S listed defendant's address as at that apartment. Although we need not decide that issue, there was probably sufficient evidence in addition to Scott's testimony to support the jury's verdict.

■ However, the trial judge did not err in failing to inquire into the competency of Scott as a witness. There is no indication that Scott was under the influence of narcotics while testifying. The defense made no request that the Court conduct an inquiry as to Scott's competency. Many details of Scott's testimony were corroborated by other evidence. Scott's condition at the times about which he was testifying was developed on cross-examination. "The question . . . is not one of admissibility but rather one of credibility and the proper weight to be accorded his testimony. Such are jury functions." United States v. Haili, 443 F.2d 1295, 1299 (9th Cir. 1971). Accord, United States v. Pate, 427 F.2d 1010, 1014 (7th Cir. 1970).

■ Defendant's final contention related to his absence from the trial for 25 minutes. The trial commenced on July 12, 1972 at 1:00 o'clock in the afternoon and proceeded until 4:50 o'clock, at which time the court announced that "[W]e will be in recess now until ten o'clock tomorrow morning."

The following occurred the next morning, July 13, 1972:

"THE COURT: When we adjourned yesterday we said we would meet at 10:00 o'clock.

"Let the record show the defendant was directed to be here for trial at 10:00 o'clock this morning. It is now 10:20. The Court finds that the defendant has voluntarily absented himself from the courtroom after the trial had started. He is free on bond, and he was directed to be here at 10:00 o'clock but has failed to show. Therefore, we will proceed in his absence."

During defendant's absence, Scott testified. He was cross-examined at length by defense counsel. Following Scott's cross-examination, Special Agent Johnstone testified. At 10:45 o'clock in the morning, 25 minutes after the trial had commenced that morning and in the middle of the direct examination of Johnstone, the defendant entered the courtroom. After Johnstone's cross-examination the government rested. Up to this point, defense counsel had made no objection relating to defendant's absence. At this time, counsel moved for an order of acquittal but did not base it upon defendant's absence. After denying defendant's motion for acquittal, the

court asked the defendant why he was late. Defendant replied:

\*　　\*　　\*　　\*　　\*　　\*

"I got caught by a train.

"A fellow was bringing me over, I didn't know how to get over, we had to ask someone afterward."

Rule 43 of the Federal Rules of Criminal Procedure provides in part as follows:

"In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

Both defendant and his counsel were in the courtroom when the judge set the 10:00 o'clock commencement for the second day of trial. In fact, no claim is made of lack of notice. The defendant had previously been tried in the same court on a bank robbery charge; he had been present for his arraignment; he had been present in court the previous day; he knew where the court was located and the time to be reasonably allowed to arrive there on schedule. The trial judge waited 20 minutes before proceeding. At that point defendant's mother, who was in court on time, advised the judge that the defendant had left home, presumably at or before the time that she had.

In Illinois v. Allen, 397 U.S. 337, 342–343, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970), the Supreme Court held that the right of a defendant to be present at every stage of his trial was not absolute and that he "can lose his right to be present at trial . . .." Much earlier the Court had held that a defendant who knowingly absents himself from the courtroom during trial "leaves the court free to proceed with trial in like manner and with like effect as if he were present." Diaz v. United States, 223 U.S. 442, 455, 32 S.Ct. 250, 254, 56 L.Ed. 500 (1912).

In United States v. Tortora, 464 F.2d 1202, 1208 (2nd Cir. 1972), the court, in affirming a conviction where the defendant was not present at any time from the empanelment of the jury, held that "the trial may start in his absence if he deliberately absents himself *without some sound reason for remaining away.*" (Emphasis added). The court further held that where the defendant is voluntarily absent, the trial judge's discretion should govern whether the trial should proceed without him (464 F.2d at 1210).

In this case, the defendant was absent for only 25 minutes in the middle of the trial. It is true that an important witness testified in his absence but defendant's attorney cross-examined that witness without any objection that he was impaired by the defendant's absence. The witness had barely left the stand when the defendant appeared and no request was made to recall the witness.

Although it should be a rare case indeed where a trial proceeds without the defendant, we do not find under the circumstances of this case that the trial court abused its discretion.

Judgment of conviction affirmed.

Affirmed.