UNITED STATES of America,
Plaintiff-Appellee,

v.

Damian Pena BENAVIDES,
Defendant-Appellant.

Nos. 78–5464, 78–5466.

United States Court of Appeals,
Fifth Circuit.

June 4, 1979.

Nancy L. Benoit, Dallas, Tex. (Court-appointed), for Benavides.

Samuel T. Biscoe, Dallas, Tex. (Court-appointed), for Garcia.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

**138**

Before GODBOLD, Circuit Judge, SKELTON *, Senior Judge, and RUBIN, Circuit Judge.

ALVIN B. RUBIN, Circuit Judge:

Damian Pena Benavides challenges his convictions for possession with intent to distribute marijuana, a violation of 21 U.S.C. § 841(a)(1), and willfully failing to appear before the district court for trial, in violation of 18 U.S.C. § 3150. Except for the selection of the jury, the trial for possession with intent to distribute marijuana was held in the absence of Benavides and his wife, who was the co-defendant. Both defendants pleaded guilty of failing to appear as part of a plea bargain with the United States Attorney; in this court, Benavides challenges that conviction on the ground that the trial court failed to follow the mandate of Rule 11, F.R.Cr.P. and the prior conviction because the trial was held in his absence. Agreeing with both contentions, we reverse his convictions.[1]

Border Patrol agents arrested Benavides and Garcia after a large quantity of marijuana was discovered in their automobile during a search at the Sarita, Texas checkpoint. The defendants exercised their right to a jury trial on the possession charge. Some members of the jury venire live a considerable distance from the courthouse; in order to make maximum use of the jury panel and to avoid requiring the members of the venire to travel unnecessarily, the jury was selected a few weeks before trial. Although the jury selection was not transcribed and made part of the record, no contention is made that the defendants were then absent. The trial judge instructed the jury to return for the trial on No-

vember 5, 1976. The record does not indicate whether he specifically informed the defendants, who were not in custody, that they were to return for trial at that time. However, it may reasonably be inferred that the defendants knew that they were to return when the jury reported.

On the trial date, the jury and the attorneys appeared, but the defendants were not in court. Defense counsel informed the court of his efforts to insure that his clients were aware they were required to be present. The trial court continued the case overnight, affording defense counsel additional time to find his clients. When the defendants did not appear in court the next day, the trial judge noted that he believed that the defendants were voluntarily absent and proceeded with the trial without them.[2] The government called three witnesses. The defense attorney cross-examined two of the witnesses, but did not call any witnesses on behalf of his clients. The jury found the defendants guilty, but the court did not sentence them because of their absence.

Approximately two years later, the defendants, who had been in Mexico, returned to the United States and were arrested on the outstanding charge of willfully failing to appear before the district court for the marijuana trial. The defendants decided to plead guilty to the charge in exchange for the prosecutor's recommendation to the court that the sentences for both offenses should be of the same length and run concurrently.

The trial court conducted separate Rule 11 hearings with each defendant. After directing the prosecutor to read the short indictment to each defendant, the court

---

\* Senior Judge of the United States Court of Claims, sitting by designation.

1. Mr. Benavides' wife, Patricia Maria Garcia, was convicted for the same offenses and originally joined this appeal. However, this court granted her motion to withdraw her appeal before this opinion was released. Thus, although the opinion discusses both defendants, it affects only the convictions of Benavides.

2. Specifically the court said:
 All right. Well, under the circumstances, I think we have waited long enough and I

think at this time that we are in a position where the only thing we can do is just go forward with the trial at this time and the fact that the Defendants are not present is, in the mind of the Court, their voluntary acts, and by virtue of their voluntary acts, that they know about the setting, they deliberately avoided this setting, and are now fugitive, as far as the Court is concerned, so we are going to go forward and try them in absentia at this time.

questioned Benavides and Garcia to determine that each defendant knew what rights were being waived by entering a plea of guilty and that there was a factual basis for the plea. The Assistant United States Attorney read the indictment to each defendant, but the court made no further direct attempt to explain the charge or the nature of the requisite element of willfullness. It accepted both pleas of guilty and, subsequently, sentenced the defendants to equal concurrent sentences for each offense. In ascertaining the factual basis for the plea the court did elicit facts from each defendant demonstrating his or her commission of every essential element of the offense. Only Benavides has appealed his convictions to this court.

 The propriety of conducting a trial without the defendant's presence is governed by Rule 43, F.R.Cr.P.[3] The Supreme Court upheld the constitutionality of the rule as it then read in *Taylor v. United States,* 1973, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174. The Court noted that, while the rule guarantees the defendant's right to be present at every stage of the trial, the right may be waived by the defendant's voluntary absence. In this case, the defendants were present when the jury was told the date and time to return for trial. The defense counsel left a message reminding his clients of the trial date with a person who answered the telephone number that he had used in previous communications with Benavides and Garcia. The defendants did not intimate that they did not understand they were required to be present, nor did they offer any reason even remotely suggesting that their absence was less than voluntary either to the district court at sentencing or to this panel. Under these circumstances, the trial court's conclusion that Benavides and Garcia were voluntarily absent was amply supported. *See also United States v. Marotta,* 9 Cir. 1975, 518 F.2d 681.

The finding that the defendants' absence was voluntary should not have abruptly ended the court's inquiry. In *Smith v. United States,* 5 Cir. 1966, 357 F.2d 486, 490, we noted that the court has "only a narrow discretion" in deciding whether to proceed with a trial when the defendant is voluntarily *in absentia* because the right to be present at one's own trial must be carefully safeguarded. *Compare United States v. Davis,* 7 Cir. 1973, 486 F.2d 725, 727, *cert. denied,* 1974, 415 U.S. 979, 94 S.Ct. 1569, 39 L.Ed.2d 876.

While the Fifth Circuit has not had occasion to discuss further how the trial court should exercise that narrow discretion, a test was most articulately stated by the Second Circuit in *United States v. Tortora,* 2 Cir. 1972, 464 F.2d 1202, 1210, *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516:

Whether the trial will proceed will depend upon the trial judge's determination of a complex of issues. He must weigh the likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, particularly in multiple-defendant trials; the burden on the Government in having to undertake two trials, again particularly in multiple-defendant trials where the evidence against the defendants is often overlapping and more than one trial might keep the Government's witnesses in substantial jeopardy.[7]

[7] It is difficult for us to conceive of any case where the exercise of this discretion would be appropriate other than a multiple-defendant case.

. . . . .

3. Rule 43 provides, in pertinent part:
 (a) *Presence Required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.
 (b) *Continued Presence Not Required.* The further progress of the trial to and including

the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present, (1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial) . . ..

*Accord, United States v. Pastor*, 2 Cir. 1977, 557 F.2d 930, 934; *United States v. Schwartz*, 2 Cir. 1976, 535 F.2d 160, 165, *cert. denied*, 1977, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 581; *United States v. Peterson*, 4 Cir. 1975, 524 F.2d 167, 185, *cert. denied*, 1976, 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99, and 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334.

This analysis is cogent. It fails to mention expressly inconvenience to jurors, which we would add to the considerations; but, with this addition, we agree with it.

Applying this "complex" to the circumstances of this case, we believe that the trial court abused its narrow discretion by proceeding with the trial without the attendance of Benavides and Garcia and without making any inquiry into whether or not the trial could soon be rescheduled with the defendants in attendance. Hindsight demonstrates they were fugitives; but the validity of the court's exercise of its discretion does not turn on whether subsequent events prove or disprove unsupported judgments. At the time the court decided to proceed, the whereabouts of both defendants were unknown. Other than the possibility of juror inconvenience, the record demonstrates no great difficulty in rescheduling the trial.

Indeed, nothing in the record indicates that the trial court attempted to discover whether a continuance would have unduly inconvenienced any person who had actually been selected as a member of the jury. Even if one juror had been unable to serve in the future, there is no indication that an alternate juror could not have been seated for the trial. The government did not argue that it could not have produced its three witnesses had the trial been rescheduled to a later date. The third factor, the burden of conducting two trials, does not support the trial court's decision. At the time the defendants absented themselves, the trial had proceeded only to jury selection; no evidence had been taken. There was no need to proceed with the trial on behalf of other defendants because only Benavides and Garcia were charged with the marijuana offense. There was no suggestion that the government's witnesses, all law enforcement officials, would be in any way jeopardized if the trial were not speedily concluded.

In summary, we see no adequate reason why the district court felt compelled to proceed with the trial. Therefore, the defendant must be granted a new trial on the drug possession charge.

■ The error alleged in connection with the district court's conduct of the Rule 11 hearings on the charge of willfully failing to appear in court is also well taken. As amended in 1975, Rule 11(c), F.R.Cr.P., expressly requires the court *personally* to inform the defendant of, *inter alia*, the nature of the charge to which the plea is offered. *United States v. Adams*, 5 Cir. 1978, 566 F.2d 962, 964. In this case, the court never personally explained the nature of the charge; having the indictment read *by the prosecutor* was the only explanation given. In most instances more than reading the indictment is required. *E. g., United States v. Boatright* 5 Cir. 1979, 588 F.2d 471, 473. Where the indictment is simple and readily comprehensible, as it was here, it may be sufficiently self-explanatory. We do not at this time suggest that the trial judge must always do more than merely read the indictment; we do hold that he must personally explain the nature of the charge, and this he failed to do. Ascertaining guilt and satisfying himself of it does not suffice to remedy non-performance of the additional duty to be certain that the defendant understands the offense charged. The failure personally to address the defendants is a clear violation of the literal mandate of the rule, and alone is reversible error. *McCarthy v. United States*, 1969, 394 U.S. 459, 463–64, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418, 423–424; *Adams, supra*, 566 F.2d at 969. *Cf. Keel v. United States*, 5 Cir. en banc 1978, 585 F.2d 110, 113.

For these reasons, the convictions of Benavides are VACATED and the case is REMANDED for a new trial.