UNITED STATES of America, Plaintiff-Appellee,

v.

Joel BELTRAN–NUNEZ, Defendant-Appellant.

No. 82–1440.

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1983.

Robert R. Harris, (Court-appointed), El Paso, Tex., for defendant-appellant.

Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, TATE and JOLLY, Circuit Judges.

TATE, Circuit Judge:

Joel Beltran-Nunez challenges his convictions for conspiracy to transport illegal aliens into the United States in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(4) and transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(2). On appeal, Beltran contends that his convictions must be set aside since the trial, except for the selection of the jury, was held in his absence and since he was denied effective assistance of counsel. Because we feel that our decision in *United States v. Benavides,* 596 F.2d 137 (5th Cir. 1979) so requires with regard to Beltran's first contention, we vacate his convictions and remand for a new trial, and do not reach the question of effective assistance of counsel.

On April 25, 1978, agents of the Immigration and Naturalization Service arrested Beltran and two other men outside of an El Paso hotel in which thirteen illegal aliens were found. Beltran was charged with one count of conspiracy to transport illegal aliens into the United States and four counts of transporting and moving illegal aliens within the United States. Beltran requested a jury trial on these charges. On July 13, 1978, the jury was selected in the defendant's presence and instructed to return to court on July 18, 1978, the date on which Beltran's trial was scheduled to take place. Although the defendant was not present in court when the judge and his attorney set the trial date, the record indicates that he was present when the court informed the jury that his trial would be held on July 18, 1978. Thus, we will assume that the defendant knew that he should return to court on July 18, 1978.[1]

On the date of the trial, the jury, the attorneys and the witnesses appeared in court, but Beltran did not. Beltran's attorney informed the court that the defendant's family had been present in the court, but that he could not locate the defendant. The judge stated that he intended to proceed with the trial in Beltran's absence, and that he would revoke the defendant's bond if he did not appear in court prior to the

---

1. At the sentencing hearing, Beltran's attorney informed the court that the defendant required the services of an interpreter. Thus, it is not clear that the defendant should be charged with constructive notice of the trial date simply because he was present in court when the judge informed the jury in English that they should return for his trial on July 18, 1978. Nonetheless, we may presume that Beltran knew when his trial was to be held since his family was present at the court on the day of the trial and since his attorney stated that he had seen him that morning. Moreover, the defendant's knowledge of the trial date is not a controlling factor in determining whether the trial was properly conducted in his absence. *United States v. Benavides,* 596 F.2d 137, 138 (5th Cir.1979).

first break. Beltran's attorney did not object to this procedure.[2]

The trial proceeded and was concluded by a jury verdict that same afternoon. The government called six witnesses in support of its case. Beltran's attorney cross-examined five of these witnesses, but did not call any witnesses for the defense. After the testimony of five of the government's witnesses, the court again inquired as to the defendant's whereabouts in the following exchange:

THE COURT: ... Now, the defendant is not here yet?

MR. REY: No, Your Honor.

THE COURT: Do you have anything further that you want to tell me about the status of the defendant?

MR. REY: I just now spoke to his wife, and she just—he was in front of my office, said he was going to go to his work to pick up some workers, and that was it. She said if she had a car right now, she would go over to where he worked to see if he's gone there. He was here, he was dressed well. I saw him this morning, dropped his family off.

THE COURT: The Court will find that the defendant was fully aware of trial, that as a matter of fact, late yesterday afternoon, it was contemplated that the defendant might, in fact, plead guilty to all five counts of the indictment, but that he informed his attorney that he would not. The Court will find that his family is present in the courtroom, and the defendant has voluntarily absented himself,

and I will here and now revoke the bond heretofore allowed to Mr. Joel Beltran-Nunez. I will order that arrest—a bench warrant be issued for his arrest, and that the new bond be made in the amount of $100,000 cash or corporate surety.

The only other reference in the record to the defendant's absence was made by the court just prior to its instructions to the jury. The judge asked Beltran's attorney if he recalled the court making a finding on the record that Beltran "had voluntarily absented himself" from the trial. In response to this inquiry, the defendant's attorney assured the judge that he had made such a finding.[3] The jury found the defendant guilty on all five counts and the court set a date for sentencing.

The defendant was not sentenced, however, until he surrendered to the authorities some four years later. The court imposed a sentence of five years in prison on each of the five counts, to be served concurrently, and the defendant appealed.

Fed.R.Crim.P. 43(b) provides that a district court may proceed with a trial when a defendant who is initially present "voluntarily absents himself after the trial has commenced." Fed.R.Crim.P. 43(b); *see Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (upholding the constitutionality of Rule 43 as it then read). In this case, the district court's finding that Beltran voluntarily absented himself from the trial was supported by the evidence.

---

2. The transcript of this portion of the trial reads as follows:

THE COURT: The government is ready. Is the defendant ready?

MR. REY [Counsel for the Defendant]: Your Honor, the family was out in front a moment ago, and they were going to go get some coffee. I thought maybe he would be in the courtroom. I just checked upstairs and I just ran back to my office. We haven't seen him, but I didn't see the family, either, but my secretary said the family, they would be back before 9:30.

THE COURT: Well, that's their choice. We'll proceed with trial and if the defendant is not present at the first break, the Court will revoke his bond.

MR. REY: Yes, sir.

. . . . .

THE COURT: Very well. Is there any reason we should not proceed to trial?

MR. TANZY [Counsel for the United States]: None that I know of.

3. The record of this exchange reads as follows:

THE COURT: Mr. Tanzy inquired a few moments ago, Mr. Rey, in chambers whether or not I had, in fact, made a finding concerning the absence of the defendant, and I assured him that I had found that Joel Beltran-Nunez had voluntarily absented himself, and my recollection is that I did that fully on the record.

MR. REY: You did, Judge.

THE COURT: If that does not comport with your memory, you should tell me.

MR. REY: You did.

We have held, however, that this finding alone will not suffice. In *United States v. Benavides,* 596 F.2d 137 (5th Cir.1979), we explained that a trial court must consider other factors before taking the severe step of holding a criminal trial in the defendant's absence:

The finding that the defendants' absence was voluntary should not have abruptly ended the court's inquiry. In *Smith v. United States,* 5 Cir.1966, 357 F.2d 486, 490, we noted that the court has "only a narrow discretion" in deciding whether to proceed with a trial when the defendant is voluntarily in *absentia* because the right to be present at one's own trial must be carefully safeguarded. *Compare United States v. Davis,* 7 Cir. 1973, 486 F.2d 725, 727, *cert. denied,* 1974, 415 U.S. 979, 94 S.Ct. 1569, 39 L.Ed.2d 876.

While the Fifth Circuit has not had occasion to discuss further how the trial court should exercise that narrow discretion, a test was most articulately stated by the Second Circuit in *United States v. Tortora,* 2 Cir.1972, 464 F.2d 1202, 1210, *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516:

Whether the trial will proceed will depend upon the trial judge's determination of a complex of issues. He must weigh the likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, particularly in multiple-defendant trials; the burden on the Government in having to undertake two trials, again particularly in multiple-defendant trials where the evidence against the defendants is often overlapping and more than one trial might keep the Government's witnesses in substantial jeopardy.

.    .    .    .    .

*Accord, United States v. Pastor,* 2 Cir. 1977, 557 F.2d 930, 934; *United States v. Schwartz,* 2 Cir.1976, 535 F.2d 160, 165, *cert. denied,* 1977, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 581; *United States v. Peterson,* 4 Cir.1975, 524 F.2d 167, 185, *cert. denied,* 1976, 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99, and 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334.

This analysis is cogent. It fails to mention expressly inconvenience to jurors, which we would add to the considerations; but, with this addition, we agree with it.

*Benavides, supra,* 596 F.2d at 139–40.

■ The analysis required by *Benavides* ensures that a court will not proceed with a trial in the defendant's absence without first making an inquiry "into whether or not the trial could soon be rescheduled with the defendant in attendance." *Benavides, supra,* 596 F.2d at 140. A later finding that the defendant was indeed a fugitive during his absence cannot excuse the failure to make this inquiry, for "the validity of the court's exercise of its discretion does not turn on whether subsequent events prove or disprove unsupported judgments." *Benavides, supra,* 596 F.2d at 140. We note further that the careful analysis required by *Benavides* before a court proceeds with a criminal trial *in absentia* is in accord with the requirement in other circuits. *See United States v. Lochan,* 674 F.2d 960, 967–68 (1st Cir.1982); *United States v. Pastor,* 557 F.2d 930, 934 (2d Cir.1977); *United States v. Peterson,* 524 F.2d 167, 185 (4th Cir.1975), *cert. denied,* 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99 (1976)[4].

■ Applying the *Benavides* analysis to the present case, we find that the decision to proceed with the trial in Beltran's absence, without further inquiry, was an abuse of the trial court's narrow discretion. At the time that the court noted the de-

---

**4.** In these cited decisions, the *Benavides* requirement was recognized, but in each decision the trial judge was held not to have abused his discretion to continue with the trial (each involving co-defendants), but only after the trial court had made the requisite inquiry and find-

ings. These decisions also recognize that where the trial court holds an evidentiary hearing on the issue, its factual finding that the defendant had voluntarily absented himself from the trial is subject to appellate review under the clearly erroneous standard.

fendant's absence, it took no affirmative steps to ascertain whether the accused might be readily located, and it made no inquiry into the possibility of delaying the commencement of the trial slightly or of rescheduling the trial in order to obtain his attendance.

The teaching of *Benavides* and the cited jurisprudence of other circuits is that the important constitutional right of a criminally accused to be present at his trial cannot cursorily, and without inquiry, be deemed by the trial court to have been waived simply because the accused is not present when he should have been. Before exercising its narrow discretion to commence or continue the trial in the defendant's absence, the trial court must at the time make a record inquiry to attempt to ascertain the explanation for the absence of the accused and whether, balancing the likelihood that the trial could soon take place with the defendant's presence against the undue inconvenience or prejudice occasioned by a slight delay or a rescheduling of the trial, the district court could properly exercise its narrow discretion to commence or continue the trial in the absence of the accused.

Of course, had an inquiry before the trial proceeded established for the record that the defendant had deliberately absented himself and that there was no reasonable probability he could be located shortly, we would be loath to say that the district court would have abused its discretion by failing to delay or reschedule the trial. Here, however, no such inquiry was made, and—under *Benavides*—in the absence of such contemporaneous inquiry, the district court abused its narrow discretion by cursorily proceeding in the defendant's absence.

In the present case, although the jury had been selected, no evidence had been presented in the case when Beltran was found to be absent from the courtroom. At the time the defendant was found to be absent, nothing suggested that he would not shortly appear. (The statements made to the court by his attorney indicated that the defendant had been in court earlier in the morning and that he was possibly at his place of work.) The government did not then argue that its witnesses would be jeopardized or unavailable if the trial was delayed for a short time. In short, "[o]ther than the possibility of juror inconvenience, the record demonstrates no great difficulty in rescheduling the trial." *Benavides, supra,* 596 F.2d at 140.

In that we find that the district court abused its discretion by proceeding with the trial in Beltran's absence without further inquiry, we VACATE the defendant's convictions on all counts and REMAND for further proceedings. Accordingly, we do not reach the question of whether the defendant was denied effective assistance of counsel.

VACATED and REMANDED.

E. GRADY JOLLY, Circuit Judge, dissenting:

I respectfully dissent from the majority opinion and the result it reaches. It rewards a contumacious defendant for his criminal conduct by setting aside his conviction with the likelihood that he will never be prosecuted.[1] We grant this beneficence to the defendant notwithstanding his undeniable waiver of the right in question. We reach this faulty result for the frail reason that the district judge did not adhere to the technicalities of a test-tube procedural rule.

At the outset it should be understood that the real question involved here is whether there was a waiver.

The defendant clearly had a constitutional right to be present at his trial. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). This right is further provided in Fed.R.Crim.P. 43. The courts have long held, however, that constitutional rights

---

1. Four of the six witnesses called by the government were illegal aliens who had been incarcerated until the trial was completed. It is doubtful whether they can now be located, five years later.

may be knowingly waived. *See, e.g., Smith v. United States,* 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959) (right to prosecution by indictment); *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930) (right to jury trial); *Puckett v. United States,* 314 F.2d 298 (10th Cir.1963) (right to counsel). Fundamental rights are waived every day in federal courts with less demonstration of clear intent than we have here. The general requirement is that the defendant knows and understands that he is waiving the right in question.

The United States Supreme Court has expressly stated that the right in question here may be knowingly waived by the voluntary absence of the defendant. *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). The Federal Rules of Criminal Procedure expressly state that "the defendant *shall* be considered to have waived his right to be present whenever a defendant, initially present, voluntarily absents himself after the trial has commenced." Rule 43(b) Fed.R.Crim.P. (emphasis added). Yet the panel here says that the defendant who was represented by an attorney, who participated in the selection of his jury, who undeniably knew of his trial and the date it was set, who appeared in or around the courthouse on the date of his trial, but who, once the trial against him had commenced, or shortly before, absented himself for four years, did not waive his right to be present. Why? Because the court did not make an "inquiry." As the panel states:

> Of course, had an inquiry before the trial proceeded established for the record that the defendant had deliberately absented himself and that there was no reasonable probability that he could be located shortly, we would be loath to say that the district court would have abused its discretion by failing to delay or reschedule the trial.

On this technicality a convicted criminal has his conviction set aside and is likely to go free. In my opinion this blind obeisance to the technicalities of a procedural rule is a classic example of reason in law becoming side-tracked by form and procedure.

Let us take a look at the rule before whose altar the majority bows. Starting with the last requirement and proceeding to the first: of course jurors are inconvenienced. Any delay in concluding proceedings inconveniences jurors. How much inconvenience may a wilful defendant impose on citizen jurors before the defendant's constitutional rights may be adjudged as abandoned or waived? This question hardly seems a proper standard by which to evaluate constitutional rights.

Next, the burden upon the government in stopping the trial and starting up again is primarily viewed in terms of the effect upon the witnesses. There is always the possibility that witnesses may flee or otherwise be unavailable. Here some of the witnesses were aliens who were incarcerated and now, it is to be supposed, are lost, either back in their native Mexico or in anonymity in this country. It would seem to me that the burden on the government in stopping the trial and starting up again is always significant. In this case where the witnesses were incarcerated aliens it was particularly significant, a fact which, however, seems to make little impression on the majority.

The difficulty of rescheduling, we are told, is a consideration that the district court must take into account. Rescheduling, it would seem to me, would always be a significant problem, since there is hardly an underworked district court.

We are thus brought to the final consideration, and that is the likelihood that the trial can soon take place with the defendant present. In my view, this is the only consideration which has any genuine significance. If the trial court has no reason to believe that the defendant has voluntarily absented himself, then trial should not proceed. That is, if the court has no reason to believe that the defendant has waived his sixth amendment right, the waiver cannot be assumed. However, when, as here, a defendant is represented by an attorney, has sat through the selection of a jury,

knows of his trial date, appears in or around the courthouse on the date of trial, with his family, and then disappears and cannot be located by his lawyer, it is reasonable to assume that his absence is "voluntary" as per Rule 43, that he intends to be gone as long as possible and that it is unlikely that the trial can be rescheduled in the near future.

If the *Benavides* rule of inquiry is to be applied methodically and mechanically without regard to common sense, it seems to me that the ends of justice would at least require that the defendant show that he was prejudiced by the failure of the court to apply the procedural rules for the inquiry. Here, clearly, the defendant was not prejudiced. If the trial had been adjourned, the presence of the defendant would not have been achieved. The court had issued a bench warrant for his arrest and the defendant apparently was nowhere to be found. It was four years later that he reappeared. Thus the district court's rigid adherence to every detail of the *Benavides* inquiry would not have meant that the defendant's right to be present at his trial would have been secured to him; in other words, there is absolutely no prejudice which the defendant has suffered as a result of the court's failing to follow the rule which serves as the majority's basis for rewarding the defendant's reckless, irresponsible, contumacious and criminal conduct.

I recognize *Benavides* as the law of this circuit. The district courts should follow its rules of inquiry whenever possible and practicable. But there should be no requirement that *Benavides* must be applied rigidly in every case by us to the point of reversing a conviction when the known evidence reasonably shows that the defendant has voluntarily absented himself. If, however, we must apply *Benavides* inflexibly, we should at least require the defendant to show some prejudice to his right of presence at trial on account of the failure of the district court to apply *Benavides*.

Justice has been thwarted and I dissent.