UNITED STATES of America

v.

**Eugenio OLIVERA, Jesus Vasallo, et al.**

**No. 90–466–CR(s)(s).**

United States District Court, S.D. Florida.

May 31, 1991.

Eduardo Palmer, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Robert Haggard, Miami, Fla., for defendant Jesus Vasallo.

Stephen Golembe, Miami, Fla., for defendant Eugenio Olivera.

## ORDER DENYING MOTION TO PROCEED TO TRIAL IN ABSENTIA

MORENO, District Judge.

THIS CAUSE came before the Court upon the government's Motion to Proceed to Trial against defendants Olivera and Vasallo in their absence. Both defendants have failed to appear and are fugitives in the instant action.

## BACKGROUND

On July 20, 1990, defendants Olivera and Vasallo and numerous codefendants, were indicted on various narcotic offenses associated with cocaine trafficking activities. On August 29, 1990, defendants Olivera and Vasallo were arraigned on the superseding indictment. These defendants were represented by counsel, advised of the charges against them, entered pleas of not guilty, and were released on bond. At a calendar call before this Court on September 18, 1990, these defendants, through their counsel, were notified of the trial date which was set for the two-week period beginning January 14, 1991.

Defendant Vasallo failed to report to Pre-trial Services on both December 18 and December 21, 1990. He further failed to appear at a hearing regarding his absence also on December 21, 1990. Calendar call was again held on January 8, 1991. Due to scheduling conflicts of several lawyers in this multiple defendant case, defendants, with the exception of defendant Vasallo, were notified that the case was reset for trial during the two week period beginning January 28, 1991.

Defendant Olivera failed to appear at an emergency hearing regarding possible revocation of his bond on January 18, 1991. At the January 22, 1991 calendar call, the case was again continued. The government indicated its intention to try both defendants Vasallo and Olivera *in absentia*.

The government again superseded the indictment on February 1, 1990, adding additional defendants, but not altering the charges against defendants Olivera and Vasallo. While the charges against defendants Olivera and Vasallo were identical to the charges against these defendants in the initial superseding indictment, defendants were neither arraigned on the second superseding indictment nor notified of the new trial date since they had already fled. The Court conducted an evidentiary hearing regarding the efforts undertaken to determine the defendants' whereabouts.

## LEGAL ANALYSIS

Like any constitutional guarantee, a defendant's right to be present at trial may be waived. *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). This tenet holds true even if waiver is implied from the defendant's conduct. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Waiver of this constitutional right must be both knowing and voluntary. If the Court concludes that the defendant knowingly and voluntarily waived his right to be present at trial, the Court must then find, prior to exercising its discretion to proceed *in absentia*, that the public interest clearly outweighs that of the voluntarily absent defendant. *United States v. Tortora*, 464 F.2d 1202, 1208–10 (2nd Cir.1972), *cert. denied, Santoro v. United States*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972).

A defendant who deliberately fails to appear in court does so voluntarily, thus the pivotal inquiry is whether defendants' absence can be considered a "knowing" waiver. *See United States v. Tortora*, 464 F.2d at 1208.

Under federal law, an arraignment is necessary to trial, and is the preliminary stage where the accused is informed of the indictment and pleads to it, thereby formulating the issues to be tried. *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). The Federal Rules of Criminal Procedure mandate an arraignment in open court after a copy of the indictment has been received. The indictment must be read or the substance of the charges stated, thereby informing the defendant of the charges against him. Finally, the defendant must be called upon to plead. Fed.R.Crim.P. 10. Arraignment requires the personal presence of the defendant, as well as the presence of counsel. *Hamilton v. Alabama*, 368 U.S. at 55, 82 S.Ct. at 159.

The government argues that defendants Olivera and Vasallo have received proper notice of the charges pending against them in the second superseding indictment since they were arraigned on the initial superseding indictment and the charges are identical. The government further contends that the defendants received proper notice of the trial date through their attorneys.

Actual notice of the trial date need not be proven where knowledge of the trial date can be reasonably inferred from surrounding circumstances. *See United States v. Benavides*, 596 F.2d 137, 138 (5th Cir.1979). Communication of the trial date to a defendant's counsel during a time period where defense counsel is in direct contact with his client may be deemed effective notice to a criminal defendant. *United States v. Sanchez*, 790 F.2d 245 (2nd Cir. 1986), *cert. denied*, 479 U.S. 989, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986).

Counsel for both Olivera and Vasallo have indicated that they had met with their clients prior to the time the trial was originally scheduled to commence in order to discuss the case. It can therefore be inferred that defendants' attorneys gave them the information regarding the date, time, and location of the trial prior to the time defendants fled. *United States v. Sanchez*, 790 F.2d at 249.

While this Court finds that there is substantial evidence that both defendants knowingly and voluntarily absented themselves and that knowledge of the trial date can be inferred, the Court cannot circumvent the fatal fact that the defendants were never arraigned on the second superseding indictment, and did not, therefore, have proper notice of the charges pending against them. Had the government not filed a second superseding indictment this court would have found, pursuant to the reasoning espoused by the *Tortora* court, that defendants had voluntarily waived their right to be present at the trial. However, the fact that defendants were never arraigned on the second superseding indictment precludes this Court from trying these defendants *in absentia*.

Despite the well-articulated logic of the government's argument that a defendant in a multiple defendant trial gains an unfair tactical advantage by fleeing and being apprehended subsequent to the oc-

currence of a trial of his codefendants, it is not this Court's place to rewrite well-defined legal principles. In the absence of a clear mandate from a Court of Appeals or Congress, this Court cannot waive the requirement that the defendants be arraigned on the second superseding indictment.

WHEREFORE, this Court denies the government's Motion to Proceed to Trial *in absentia* against defendants Olivera and Vasallo.

DONE and ORDERED.