**Rufus Ray CLARK, Jr., Petitioner,**

v.

**James A. COLLINS, Director Texas Department of Criminal Justice, Institutional Division, Respondent.**

No. 3:93–CV–2343–X.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 29, 1994.

F. Clinton Broden, Federal Public Defender, N.D. of Tex., Dallas, TX, for petitioner.

Amy Holley Hennessee, Office of Atty. Gen., Austin, TX, for respondent.

## *ORDER*

KENDALL, District Judge.

After making an independent review of the pleadings, files and records in this case, the Findings and Recommendations of the United States Magistrate Judge and the objections to the Magistrate's Findings and Recommendations, I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are adopted as the Findings and Conclusions of the Court.

**SO ORDERED.**

## JUDGMENT

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is ORDERED, ADJUDGED and DECREED that:

The Petitioner's application for writ of habeas corpus is granted.

## FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

KAPLAN, United States Magistrate Judge.

This is a habeas corpus case brought under 28 U.S.C. § 2254. The petition was filed on October 23, 1993 and referred to the United States magistrate judge for a report and recommendation.[1] The case was transferred to United States Magistrate Judge Jeff Kaplan on June 1, 1994.

The Court conducted a preliminary review of the petition and response and determined that an evidentiary hearing was required. This hearing was held on October 19, 1994. Petitioner appeared in person and through his court-appointed counsel, F. Clinton Broden of the Federal Public Defender's Office. Assistant Attorney General Amy Holley Hennessee appeared for the respondent. The Court has considered the state court record, evidence and arguments of counsel. The findings and recommendation of the magistrate judge are as follow:

## PROCEDURAL BACKGROUND

Petitioner Rufus Ray Clark, Jr. was indicted for burglary. He was released on bond pending trial. Petitioner was in court for jury selection, but was not present when the trial commenced after a four day continuance. The trial judge entered a not guilty plea on behalf of petitioner. He was convicted in absentia and sentenced to 60 years confinement.

Petitioner appealed his conviction and sentence. The state court of appeals affirmed in

an unpublished opinion. Clark v. State, No. 10-91-014-CR (Tex.App.—Waco, May 15, 1992). Petitioner did not seek further review in the Texas Court of Criminal Appeals. However, he did file an application for writ of habeas corpus in state district court. The trial court entered written findings and recommended that the application be denied. The Court of Criminal Appeals denied the application without written order. Ex parte Clark, Application No. 7,665-02 (May 26, 1993). Petitioner has exhausted his state remedies and is properly before this Court.

## TRIAL IN ABSENTIA

Petitioner complains that he was tried and convicted in absentia in violation of his right to confrontation under the sixth amendment. Petitioner states that he failed to appear for trial because his attorney never told him when to return to court. He also contends that the trial judge should have postponed the proceedings in order to secure his attendance.

### A. Failure to Appear

■ A defendant has a constitutional right to be present in the courtroom at every stage of a criminal trial. U.S. CONST. amend. VI; Diaz v. United States, 223 U.S. 442, 445, 32 S.Ct. 250, 253, 56 L.Ed. 500 (1912). This right derives from the confrontation clause of the sixth amendment. Illinois v. Allen, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). However, this right may be waived by the defendant. Taylor v. United States, 414 U.S. 17, 20, 94 S.Ct. 194, 196, 38 L.Ed.2d 174 (1973). Absence without a compelling justification constitutes a waiver of the right to be present at trial. See United States v. Wright, 932 F.2d 868, 879 (10th Cir.1991), cert. denied, 502 U.S. 972, 112 S.Ct. 450, 116 L.Ed.2d 467 (1991).

■ This case was called to trial on October 15, 1990. Petitioner and his attorney were present for jury selection. A jury was empaneled and sworn. The judge instructed all parties to return to court later that week

---

1. The habeas petition was originally filed in the United States District Court for the Western District of Texas. See Clark v. Lynaugh, No. W-93-CA-368. The case was subsequently transferred to the Northern District of Texas pursuant to 28 U.S.C. § 2241(d).

for trial. The jury, prosecutor and defense counsel all returned on October 18, 1990. Petitioner was not present. The prosecutor orally moved for a one-day continuance because the complaining witness was unavailable. The judge granted the motion and instructed the jury to return to court the next day. After the jury was dismissed, defense counsel made the following statement on the record:

> Your Honor, my name is James R. Jenkins. I am the attorney for Rufus Ray Clark, the defendant in this case. It is a few minutes after 9:00 o'clock a.m., the 18th day of October the day this case was set for trial. I have talked with Rufus Ray Clark continuously. I talked with him last night at approximately 6:00 p.m. He was aware of the trial date today. We discussed the case and the possible courses of action to defend his case. He told me he would be here this morning. I want the Court to know, I have had no indication he would not be here today. I assumed he would be here. He has been here for each and every appearance up to now, even the dates when the case would be reached. I want the record to reflect that although he is not here, I expect him to be here.

(SF 10/18/90 at 5–6). The trial judge responded that "I am sure he will have a good excuse when he comes. I will tell the jury he had a good cause." (SF 10/18/90 at 6).

Petitioner did not appear on October 19, 1990. Defense counsel requested a continuance because his client "is not here today and I have not heard from him." (SF 10/19/90 at 30). The trial judge noted that petitioner was present for jury selection and did not appear on October 18, 1990 as instructed. The judge then inquired as follows:

> THE COURT: Okay. After Monday, when is the next contact you had with him?
> DEFENSE COUNSEL: Approximately 5:45 p.m. on Wednesday I was in my office and did call to ask me if I had any further contact with the DA's office about any possibility of a plea agreement and I informed him that there had not and the case would be tried the next morning, Thursday and he said he would be here. I went to my office and called his employer

who informed me he was not long employed. I also called the lady who was with him in whose phone number I had. I contacted her and she informed me that she had talked to him about the same time I had and she was surprised he wasn't there, but she had not talked with him since. I asked her to have him contact me if she did have contact with him. She said she would. I have not had any further contact with him.

> THE COURT: You have had no communication from anybody as to why he might not be here?
> DEFENSE COUNSEL: I have not, Your Honor.

(SF 10/19/90 at 31–32).

The judge found that petitioner was voluntarily absent from trial and overruled the motion for continuance. Defense counsel then moved for a mistrial and requested the issuance of a bench warrant rather than going forward without petitioner. The motion was denied and the case proceeded to trial.

The state court record establishes that petitioner voluntarily waived his right to be present at trial. He was in court for jury selection on October 15, 1990. The trial judge told the parties to return to court on October 18, 1990. Petitioner talked with his attorney the day before trial and indicated he would be in court the next morning. He was aware of the trial setting but "just didn't come." (SF 11/2/90 at 4). Petitioner has not offered any justification or excuse for his failure to appear. This constitutes a voluntary waiver of his right to be present at trial.

### B. *Further Inquiry by Trial Court*

■ The determination that petitioner voluntarily failed to appear at trial does not end the required inquiry. The trial court must still decide whether to continue the proceedings in his absence. *United States v. Beltran–Nunez,* 716 F.2d 287, 290 (5th Cir. 1983); *United States v. Benavides,* 596 F.2d 137, 139 (5th Cir.1979). The exercise of this discretion is limited by the sixth amendment. *Benavides,* 596 F.2d at 139; *see also Smith v. United States,* 357 F.2d 486, 490 (5th Cir.1966).

■ The court must balance the interests of the absent defendant to be present at trial against the inconvenience or prejudice occasioned by a slight delay. Specifically, the court must consider: (1) the likelihood that the trial could soon proceed with the defendant present; (2) the difficulty of rescheduling the case; (3) the burden on the prosecution; and (4) the inconvenience to the jurors. *Beltran–Nunez,* 716 F.2d at 290; *Benavides,* 596 F.2d at 139. *See also United States v. Tortora,* 464 F.2d 1202, 1210 (2d Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). Generally, the balance will favor proceeding without the defendant only in multi-party cases. *Benavides,* 596 F.2d at 139; *Tortora,* 464 F.2d at 1210 n. 7. However, a trial judge is authorized to conduct proceedings *in absentia* when the defendant refuses to appear and is impossible to locate. *Beltran–Nunez,* 716 F.2d at 291.

■ The cursory inquiry conducted by the trial judge in this case does not pass constitutional muster. He did not hold a hearing to determine whether petitioner could be located and apprehended. He refused to issue a bench warrant prior to the commencement of the trial. He failed to consider the difficulty of rescheduling the case or the burden on the prosecution of continuing the proceedings for a short time. Instead, the trial judge summarily proceeded to trial without balancing petitioner's right to be present against the inconvenience or prejudice occasioned by a short delay.[2]

■ Respondent maintains that the trial judge was not required to make further inquiry after he determined that petitioner voluntarily failed to appear for trial. He argues that this judicially created balancing test is a matter of federal criminal procedure rather than constitutional law.[3] The Court disagrees. The sound principles enunciated in *Benavides* and *Beltran–Nunez* are equally applicable to constitutional claims in habeas cases. The Fifth Circuit has specifically recognized that this balancing test is founded on "the important *constitutional right* of a criminally accused to be present at his trial." *Beltran–Nunez,* 716 F.2d at 291 (emphasis added). In addition, at least two federal district courts have applied this test to constitutional claims brought under section 2254. *Cf. Vineski v. Scully,* 1993 WL 22159 (S.D.N.Y.1993), *aff'd,* 29 F.3d 621 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 264, 130 L.Ed.2d 183 (1994) and *Smith v. Kelly,* 664 F.Supp. 131, 135 (S.D.N.Y.1987) (relief denied in both cases because the state court took affirmative steps to ascertain whether the defendant could be readily located).

## ·RECOMMENDATION

The Court concludes that petitioner was voluntarily absent from his trial in state court. However, the trial judge failed to ascertain whether petitioner could be readily

2. The trial judge testified at the evidentiary hearing and offered additional reasons for conducting the trial in petitioner's absence. The judge stated that: (1) he did not know when and if petitioner would ever be found; (2) he promised the jury they would be discharged within the week; and (3) he was concerned about double jeopardy. Counsel for petitioner timely objected to this testimony. The objection was overruled.

The Court now determines that this testimony is inadmissible and should not be considered. First, a judge may only testify about historical facts in a habeas proceeding. He may not be asked about his mental process or reasons for making a judicial decision. *See Washington v. Strickland,* 693 F.2d 1243, 1263 (5th Cir.1982), *rev'd on other grounds,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, the inquiry mandated by *Benavides* and *Beltran–Nunez* must be made on the record before the trial is commenced. *Beltran–Nunez,* 716 F.2d at 291. Respondent is therefore precluded from offering extraneous evidence to support the trial court's decision.

3. Respondent argues that the defendant's right to be present at trial is greater under Rule 43 of the Federal Rules of Criminal Procedure than the sixth amendment. The Fifth Circuit has so held in cases involving the right of a defendant to be present during certain proceedings incident to trial. *See Young v. Herring,* 938 F.2d 543, 557 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992) (trial court's response to jury note); *United States v. Brown,* 571 F.2d 980, 986 (6th Cir.1978) (presence at in-chambers conference). However, the inquiry mandated by *Benavides* and *Beltran–Nunez* is designed to protect the fundamental constitutional right to confront witnesses and hear evidence during the actual trial of a criminal case. The absence of the defendant during this critical stage of a criminal proceeding would "frustrate the fairness" of the entire trial.

located or inquire into whether the trial could be postponed or rescheduled with petitioner in attendance. Therefore, petitioner was denied his constitutional right to be present at trial. *See Beltran–Nunez,* 716 F.2d at 291; *Benavides,* 596 F.2d at 140. Petitioner is entitled to habeas relief.

DATED: October 25, 1994.