United States Court of Appeals,

Fifth Circuit.

No. 94-11125.

Rufus R. CLARK, Jr., Petitioner-Appellee,

v.

Wayne SCOTT, Director, Texas Dept. of Criminal Justice, Institutional Division, Respondent-Appellant.

Dec. 8, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before REAVLEY, JOLLY and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This appeal presents the question whether a state court is constitutionally required to conduct a *Benavides* balancing test[1] before proceeding to try a criminal defendant who voluntarily absented himself from the trial after the jury was impaneled. Rufus Ray Clark, Jr., represented by an attorney, was tried and convicted *in absentia* of burglary by the state of Texas. Upon being later apprehended and returned to the court, he was sentenced to sixty years in prison, pursuant to the jury's recommendation. In the subsequent state habeas proceedings, the Texas courts denied relief and let his conviction stand. The federal district court, however, granted Clark's petition for federal habeas relief. The district court did so on the basis that the state trial judge

_____

[1] *See United States v. Benavides,* 596 F.2d 137 (5th Cir.1979) (requiring an on-the-record inquiry balancing the likelihood that the trial could soon be rescheduled with the defendant in attendance against the burden on the government and the inconvenience to the jury).

1

failed to conduct an on-the-record *Benavides* balancing test before continuing the trial in Clark's absence, and consequently denied Clark his Sixth Amendment right to be present at trial.

On appeal, the state argues that the *Benavides* balancing test is not a constitutional rule and is required only of federal courts under Rule 43 of the Federal Rules of Criminal Procedure; therefore, it is not applicable to state criminal proceedings.

We hold that the district court erred in ruling that the *Benavides* balancing test is applicable to state criminal proceedings. It follows that Clark was not denied his constitutional right to be present at trial. We therefore reverse the district court, render for the state, and remand for entry of judgment.

I

Clark was indicted for burglary by a Texas grand jury. He was released on bond pending trial. Clark and his attorney were present in court on Monday, October 15, 1990, when the jury was selected and sworn in. Although the court instructed Clark to return for trial on Thursday, October 18, he did not appear. The prosecutor orally moved for a one-day continuance because the complaining witness was absent on account of car trouble. Over the objection of Clark's attorney, the court granted a continuance. Out of the presence of the jury, Clark's attorney stated for the record that he had talked with Clark the evening before and that Clark knew to be at the trial on Thursday.

The following morning, Friday, October 19, Clark again failed

to appear in court.  Clark's attorney informed the court that he had not been able to contact Clark and did not know why Clark was absent.  The trial judge denied defense counsel's motion for a continuance and found Clark to be voluntarily absent from the trial.  The judge overruled the defense counsel's objection to the case continuing in Clark's absence.  Without conducting a *Benavides* balancing test, the court proceeded with the jury trial in Clark's absence.  The jury found Clark guilty and recommended a sentence of sixty years.

Approximately two weeks later, Clark was apprehended in Lewisville, Texas, and brought before the trial court for sentencing on November 2.  Clark explained to the court that he did not come to trial because he did not like the way his attorney was handling the case.  The record does not reflect any other excuse for his absence.  The trial court sentenced Clark to sixty years confinement pursuant to the jury's recommendation.

## II

The judgment of the trial court was affirmed on appeal.  The state court of appeals found that the trial court did not abuse its discretion in continuing the trial in Clark's absence.  Clark did not seek further review in the Texas Court of Criminal Appeals.  However, he did file an application for writ of habeas corpus in state district court.  The court entered written findings and recommended that the application be denied.  Clark exhausted his state remedies after seeking review of district court's decision in the Court of Criminal Appeals, which denied his application without

3

a written order.

Clark then filed this federal habeas petition in federal district court. The district court adopted the findings and recommendations of the magistrate judge granting the petition. *Clark v. Collins,* 870 F.Supp. 132 (N.D.Tex.1994).

### III

### A

The issue presented today is whether the Constitution requires a state court to conduct an on-the-record *Benavides* balancing test before proceeding with a criminal trial against a defendant who has voluntarily absented himself after the impaneling of the jury.[2] We review this issue of law *de novo. Barnard v. Collins,* 958 F.2d 634, 636 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 990, 122 L.Ed.2d 142 (1993).

The Sixth Amendment establishes a criminal defendant's right to be present at trial and "to be confronted with the witnesses against him...." U.S. Const. amend. VI; *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). This right to be present, however, is not absolute and can be waived by the voluntary absence of the defendant. *Taylor v. United States,* 414 U.S. 17, 19-20, 94 S.Ct. 194, 195-96, 38 L.Ed.2d 174 (1973) (per curiam).

The Fifth Circuit, however, in *United States v. Benavides,* 596

---

[2]We note at the outset that the Texas Court of Criminal Appeals has expressly rejected the mandatory applicability of the *Benavides* belancing test. *Moore v. State,* 670 S.W.2d 259, 261 (Tex.Crim.App.1984).

F.2d 137 (5th Cir.1979), held that an on-the-record balancing test was required before proceeding with a criminal trial against a defendant *in absentia*. *Benavides* was a direct appeal from a criminal conviction in federal district court and thus governed by Fed.R.Crim.P. 43. In that case, the defendant was present during jury selection and knew of the trial date several weeks later, but failed to appear. *Id.* at 138. The district court delayed the trial overnight, but to no avail. After concluding that the defendant was voluntarily absent, the district court proceeded with the trial. *Id.* A panel of this court vacated the conviction, however, and remanded for a new trial, declaring that a finding of voluntary absence alone was insufficient. *Id.* at 139-40. The panel explained that "the court has "only narrow discretion' in deciding whether to proceed with a trial when the defendant is voluntarily *in absentia* because the right to be present at one's own trial must be carefully safeguarded." *Id.* at 139 (citations omitted).

Following the Second Circuit's lead in *United States v. Tortora,* 464 F.2d 1202 (5th Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972), *Benavides* concluded that whether the trial could proceed in the defendant's absence would "depend upon the trial judge's determination of a complex of issues" and that the following factors must be weighed: 1) the likelihood that the trial could soon take place with the defendant present; 2) the difficulty of rescheduling, particularly in multi-defendant trials; 3) the burden on the government in having to undertake two trials,

5

again particularly in multi-defendant trials; and 4) the inconvenience to the jurors. 596 F.2d at 139-40. The Fifth Circuit reaffirmed the necessity of conducting an on-the-record balancing test in *United States v. Beltran-Nunez,* 716 F.2d 287 (5th Cir.1983), another direct appeal case based on Fed.R.Crim.P. 43.

B

Clark argues that *Benavides* and *Beltran-Nunez* concern a constitutional right, not just a procedural one under Fed.R.Crim.P. 43. The court in *Beltran-Nunez* states:

> The teaching of *Benavides* and the cited jurisprudence of other circuits is the *important constitutional right* of a criminally accused to be present at his trial cannot cursorily, and without inquiry, be deemed by the trial court to have been waived simply because the accused is not present when he should have been.

716 F.2d at 291 (emphasis added). Clark urges that this language shows that the *Benavides* balancing test is constitutionally required, and thus applicable to state courts. We disagree.

The Supreme Court's decision in *Taylor v. United States* is dispositive of Clark's claim. In that case, the defendant failed to return from a lunch recess. Although the district court recessed the trial until the following morning, the defendant still did not reappear. The court found him to be voluntarily absent and continued with the proceedings in accordance with the plain language of a prior version of Rule 43.[3] 414 U.S. at 17-18, 94

---

[3]The pertinent language of Rule 43 provided that "[i]n prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict." Fed.R.Crim.P. 43 (amended 1974). The current version of Rule 43 provides:

6

S.Ct. at 195.

The Supreme Court held that Rule 43 was constitutional as applied and that the defendant was not deprived of any constitutional rights under the circumstances. *Id.* at 18, 94 S.Ct. at 195. The Court declared that voluntary absence " "operates as a waiver of his right to be present *and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.'* " 414 U.S. at 18, 94 S.Ct. at 195 (emphasis added) (quoting *Diaz v. United States,* 223 U.S. 442, 455, 32 S.Ct. 250, 254, 56 L.Ed. 500 (1912)). We stress that the Court did not condition its holding on a *Benavides*-type balancing test. The Court focused exclusively on the question of waiver. "The right at issue is the right to be present, and the question becomes whether that right was effectively waived by his voluntary absence. Consistent with Rule 43 and *Diaz,* we conclude that it was."[4] *Id.*

> The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present, is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial) [.]

Fed.R.Crim.P. 43(b)(1).

[4]The Court looked to the D.C. Circuit for a statement of the controlling rule for waiver:

> [I]f a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. He must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away.

*Id.* at 19 n. 3, 94 S.Ct. at 196 n. 3 (quoting *Cureton v.*

7

at 20, 94 S.Ct. at 196.

The Supreme Court's decision in *Taylor* leads us inexorably to the conclusion that the imposition of a balancing test in *Benavides* and *Beltran-Nunez* is not constitutionally required.[5] Consequently, our cases must be understood as an exercise of our supervisory powers over federal courts under Rule 43.[6] As such, we are powerless to impose this test on state courts in federal habeas actions.[7]

---

*United States,* 396 F.2d 671, 676 (1968)).

[5]Even under our Rule 43 jurisprudence, the failure to perform a full-blown *Benavides* balancing test may not be grounds for reversal in every case. *Beltran-Nunez,* 716 F.2d at 291 ("[H]ad an inquiry before the trial proceeded established for the record that the defendant had deliberately absented himself and that there was no reasonable probability he could be located shortly, we would be loath to say that the district court abused its discretion by failing to delay or reschedule the trial."); *United States v. Krout,* 56 F.3d 643, 646 (5th Cir.1995) ("[A]lthough the district court properly engaged in the balancing test ... that question is irrelevant now because under the circumstances before us it is clear that pursuant to the very language of Rule 43, the defendant waived his right to be present at trial.")

[6]This court has recognized that the right to be present under Rule 43 is "broader than the confrontation protection of the sixth amendment." *United States v. Alikpo,* 944 F.2d 206, 209 (5th Cir.1991) (citations omitted).

[7]Our conclusion is supported by opinions from other circuits involving habeas review where convictions *in absentia* were upheld with no mention of any type of balancing test. *See Finney v. Rothgerber,* 751 F.2d 858 (6th Cir.), *cert. denied,* 471 U.S. 1020, 105 S.Ct. 2048, 85 L.Ed.2d 310 (1985); *Brewer v. Raines,* 670 F.2d 117 (9th Cir.1982). In *Finney,* the Sixth Circuit looked to *Taylor* and not to any type of balancing test in upholding the state conviction. 751 F.2d at 862-63. In *Brewer,* the Ninth Circuit vacated an order of habeas relief and held that the inference of voluntariness created by the Arizona rule of procedure was not unconstitutional as the rule provided for a knowing and intelligent waiver. 670 F.2d at 119-20. These decisions support our conclusion that the *Benavides* balancing

8

We therefore hold that the *Benavides* balancing test is not constitutional in scope. Because the state trial court's continuation of the trial against Clark *in absentia* after a finding of voluntary absence comports with constitutional requirements as set forth by the Supreme Court in *Taylor,* we conclude that the district court erred by granting Clark habeas relief.

IV

In the light of the foregoing, we therefore REVERSE the district court, RENDER for the state, and REMAND for entry of judgment.

REVERSED, RENDERED, and REMANDED for entry of judgment.

---

test is a procedural rule to govern a federal judge's discretion, rather than a constitutional mandate.