**UNITED STATES of America,**
**Appellee,**

v.

**Mario LOBO, Defendant-Appellant.**

**No. 1031, Docket 75–1034.**

United States Court of Appeals,
Second Circuit.

Argued May 13, 1975.

Decided May 14, 1975.

Certiorari Denied Oct. 6, 1975.

See 96 S.Ct. 65.

---

**884**

Albert J. Krieger, New York City, for defendant-appellant.

Paul B. Bergman, Asst. U. S. Atty., E.D.N.Y., for appellee.

Before KAUFMAN, Chief Judge, OAKES, Circuit Judge, and JAMESON, District Judge.*

PER CURIAM:

■ Lobo's sole ground for appeal is based on the flight during trial of his codefendant, Aurelio Martinez-Martinez. After declaring Martinez-Martinez's $100,000 bail forfeit, Judge Mishler per-

mitted the joint trial to proceed, and the jury convicted Lobo and Martinez-Martinez *in absentia*. The jury was properly instructed that although flight is probative of guilt, evidence of the flight should be considered only against Martinez-Martinez. Lobo contends that the limiting instruction was inadequate in light of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where a limiting instruction was held insufficient to dispel the prejudice resulting from a hearsay confession of a defendant inculpating his codefendant.

■ We fail to see, however, that Martinez-Martinez's decision to flee implied the guilt of anyone but himself; indeed, Lobo's continued presence, by contrast, might have been viewed by the jury as belief in his own innocence. It seems clear that *Bruton* has no application to hearsay utterances of a defendant[1] that do not inculpate a codefendant. United States v. Mulligan, 488 F.2d 732, 737 (9th Cir. 1973), cert. denied, 417 U.S. 930, 94 S.Ct. 2640, 41 L.Ed.2d 233 (1974); United States v. Davis, 487 F.2d 112, 124 (5th Cir. 1973), cert. denied, 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974); United States v. Lomprez, 472 F.2d 860, 863 (7th Cir. 1972), cert. denied, 411 U.S. 965, 93 S.Ct. 2144, 36 L.Ed.2d 685 (1973). *See also* United States v. Deutsch, 451 F.2d 98, 116 (2d Cir. 1971), cert. denied, 404 U.S. 1019, 92 S.Ct. 682, 30 L.Ed.2d 667 (1972); United States ex rel. Nelson v. Follette, 430 F.2d 1055 (2d Cir. 1970), cert. denied, 401 U.S. 917, 91 S.Ct. 899, 27 L.Ed.2d 818 (1971); United States v. Cusumano, 429 F.2d 378, 381 (2d Cir.), cert. denied, 400 U.S. 830, 91 S.Ct. 61, 27 L.Ed.2d 61 (1970); United States v. Tropiano, 418 F.2d 1069, 1080–81 (2d Cir. 1969), cert. denied, 397 U.S.

---

\* Of the District of Montana, sitting by designation.

1. While a flight, even though nonverbal conduct, has been said to be an assertion (in the form of an admission) of guilt and is therefore treated by some authorities as an exception to the hearsay rule, *see* McCormick §§ 250, 271 (2d ed. 1972), it is treated in the Federal Rules of Evidence, App. foll. 28 U.S.C., Rule 801(a) as a "statement" but because it is an admission as "not hearsay," Rule 801(d)(2)(A). *See* Strahorn, A Reconsideration of the Hearsay Rule and Admissions, 85 U.Pa.L.Rev. 484, 564, 573, 576 (1937). Preferably it is to be viewed as conduct offered as circumstantial evidence rather than for its assertive, testimonial value. *See* Strahorn, *supra*; McCormick, *supra*, § 262 at 628–29.

1021, 90 S.Ct. 1262, 25 L.Ed.2d 530 (1970); United States ex rel. LaBelle v. Mancusi, 404 F.2d 690 (2d Cir. 1968).

Thus, Lobo's argument is reduced to the claim that his fate and that of Martinez-Martinez were so inextricably linked that evidence of Martinez-Martinez's guilt implied his own guilt as well. It is plain that in the circumstances present here, the inference is insubstantial, *see Bruton, supra,* 391 U.S. at 135–36, 88 S.Ct. 1620, and the jury could easily disregard it under the proper limiting instruction given by Judge Mishler. As we said in United States v. Sparano, 422 F.2d 1095, 1099 (2d Cir. 1970):

> We agree and hold that, to constitute a violation, the inference [of defendant's guilt] would have to be clear and practically inescapable.

Lobo has failed to make such a showing here.

Affirmed.