UNITED STATES of America, Appellee,

v.

**Hoyt POWELL, Appellant.**

No. 79–5072.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 3, 1979.

Decided Nov. 29, 1979.

Dwane H. Miller, Richmond, Va., for appellant.

Eric Wm. Ruschky, Asst. U. S. Atty., Columbia, S. C. (Thomas E. Lydon, Jr., U. S. Atty., and Thomas P. Simpson, Asst. U. S. Atty., Columbia, S. C., on brief), for appellee.

---

Before BUTZNER, RUSSELL and SPROUSE, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The appellant, along with five other defendants, was indicted for aggravated bank robbery under § 2113(a) and (d) and § 2 (aiding and abetting), 18 U.S.C. All six defendants were properly arraigned and pled not guilty. Later all defendants again appeared at a hearing on pretrial motions. At this time, in the presence of all defendants including the appellant, a trial date was fixed. Between that date and the trial date, as fixed, the appellant was given permission to leave the district to gather evidence preparatory to trial. The appellant did not, however, appear on the date fixed for the trial. All other defendants were present, ready for trial, as well as numerous witnesses both for the Government and for the defense, some from within the State and others without. It was the Government's theory that all the defendants were members of a well-known bank robbery group, which followed a plan of operations in a number of states. In the absence of the appellant, his counsel moved for a continuance, offering in support the testimony of appellant's wife, who testified that the appellant had gone to Alabama and North Carolina to gather evidence. The motion was overruled and the appellant was tried *in absentia*. The trial lasted two weeks, resulting in the conviction of the appellant on two counts of the indictment. In developing its case, the Government used some forty witnesses, and the defense used thirty witnesses. During the trial the appellant, however, remained a fugitive. He was finally apprehended two years later in Texas. Upon his return to the jurisdiction he offered no excuse for his absence from the trial. He was then sentenced to ten years imprisonment on one count and six years on another count, to be served consecutively, which, incidentally, was the same sentence as that imposed on two of his co-defendants who had been present at trial. He has now appealed, contending the district court erred in proceeding with his trial in his absence. We affirm.

The defendant concedes that *United States v. Peterson* (4th Cir. 1975) 524 F.2d 167, *cert. denied,* 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99 (1976), if still a correct expression of the application of Rule 43, Federal Rules of Criminal Procedure, is dispositive of his claim of error. It is his argument, though, that *Peterson* has been rendered obsolete by the 1975 amendments to Rule 43. We do not agree. Rule 43(a) incorporates the identical language of the previous Rule, with one addition. That was the provision of the Rule on which the district court relied for its ruling. This provision includes at its end the words "except as otherwise provided by this rule." The rulemakers then added subdivisions (b) and (c) to the revised Rule. In subdivision (b), the Rule states that a defendant waives "his right to be present whenever a defendant, initially present, (1) voluntarily absents himself . . . or (2) after being warned by the court . . . persists in [disruptive] conduct . . . ." The defendant would find in the words, "initially present," in 43(b) what he regards as a clear intention to eliminate any right of the trial judge, as previously exercised under the earlier version of Rule 43, and as exercised by the district court under revised Rule 43(a) in this case, to begin a trial in the absence of the defendant; in effect it posits that the use of these words in 43(b) restricted the right under 43(a) to proceed with the trial in the absence of the defendant strictly to a period after the commencement of trial.

This argument of the defendant, however, finds no support in the history and exposition of the revised Rule as set forth in the Advisory Committee Notes. The purpose of the revision, as set forth in the Advisory Committee Notes was "designed to reflect *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)," any other changes in the Rule being merely "editorial in nature." *Illinois v. Allen* was concerned with the power of a trial court to deal with a defendant present at his trial, who be-

came disruptive during trial.[1] But the Court did not suggest that a trial court would be without power to proceed with a trial if the defendant purposefully absented himself under the circumstances present in this case and in *Peterson*. This was made plain by Justice Brennan in his concurring opinion (397 U.S. at 348–49, 90 S.Ct. at 1063):

> The constitutional right of an accused to be present at his trial must be considered in this context. Thus there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward, citing *Diaz v. United States* (1912) 223 U.S. 442, 457–58 [, 32 S.Ct. 250, 56 L.Ed. 500].

If the revision in the Rule were intended merely to reflect the holding in *Allen* and if such additions as made to the Rule were purely "editorial in nature," it is impossible to read into the revision an intention to invalidate the application of the Rule as was adopted by this court in *Peterson* and by other courts in similar cases.[2] Had such been the rulemakers' intention it is fair to assume they would have spelt out expressly such intention. Because we think the drafters of the revision had no such intention, we adhere to our rule as enunciated in *Peterson*, as a proper expression of the trial court's authority under Rule 43(a), as incorporated in the 1975 revision. The judgment of conviction is accordingly

*AFFIRMED.*

---

1. Justice Black stated at the outset of the opinion the issue (397 U.S. at 338, 90 S.Ct. at 1058):

   The question presented in this case is whether an accused can claim the benefit of this constitutional right to remain in the courtroom while at the same time he engages in speech and conduct which is so noisy, disorderly, and disruptive that it is exceedingly difficult or wholly impossible to carry on the trial.

2. *See United States v. Pastor* (2d Cir. 1977) 557 F.2d 930, 933, where all the federal cases at the time of that decision are listed. It is significant that this case was subsequent to the 1975 revision in the Rule. By implication at least, the court in that case found no intention in the revised Rule to alter the construction placed on the Rule by *Peterson* and like cases.

   In *United States v. Benavides* (5th Cir. 1979) 596 F.2d 137, 139, the power of the trial court to proceed with the trial where a defendant voluntarily absents himself in circumstances such as those in *Peterson* and here was clearly recognized, but the court found that the circumstances in that case were not sufficient to support the action, since a multiple prosecution, with a large number of witnesses, was not involved.

   An exhaustive opinion by a state court, in which all the federal and state decisions are carefully canvassed, from a constitutional standpoint, is *State v. LaBelle* (1977) 18 Wash. App. 380, 568 P.2d 808. After reviewing the decisions, the court concludes with this statement of the rule as required by constitutional standards (568 P.2d at 818):

   We hold that when a criminal defendant is present at arraignment, enters a plea, receives actual notice of the time, date and place of the trial, deliberately absconds without a compelling reason, is represented by counsel at trial, and never offers a satisfactory explanation for his absence, a trial court may find such actions on the part of a defendant to amount to a knowing and voluntary waiver of his right to be present and may conduct the trial in his absence. Such an action by the trial court will not be a material departure from the spirit of the right, for the protection afforded the accused in the right to confrontation need not be adhered to blindly regardless of the cost to society. *Illinois v. Allen, supra*, 397 U.S. at 349, 90 S.Ct. 1057. One cannot indiscriminately obstruct the course of justice and then rely on constitutional safeguards to shield him from the legitimate consequences of his own wrongful act. *Illinois v. Allen, supra*, at 345–46, 350, 90 S.Ct. 1057; *Reynolds v. United States*, 98 U.S. 145, 158, 25 L.Ed. 244, 247 (1878); *Falk v. United States*, 15 App.D.C. 446, 460–61 (1899), *appeal dismissed*, 180 U.S. 636, 21 S.Ct. 922, 45 L.Ed. 709 (1901).