UNITED STATES of America, Appellee,

v.

George N. MUZEVSKY, Appellant.

No. 84–5101.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1985.

Decided April 17, 1985.

E. Ross Zimmerman, Fort Lauderdale, Fla. (Zimmerman & Blatt, P.A., Fort Lauderdale, Fla., on brief), for appellant.

Tommy E. Miller, Asst. U.S. Atty., Norfolk, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., Jonathan Smith-George, third year law student, on brief), for appellee.

Before WIDENER and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge.

George N. Muzevsky was convicted of conspiracy and related narcotics offenses in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 1952. On appeal, he argues that his conviction should be reversed because the trial was conducted in his absence. We affirm.

Muzevsky appeared at the arraignment with counsel and entered a plea of not guilty. The court told him the trial date and continued his bond. A few days before the trial, his attorney explained to Muzevsky that he had to be present at the trial and that the court might proceed in his absence.

Nonetheless, Muzevsky failed to appear for his trial, and his attorney did not know where he was. Although the prosecutor was willing to continue the case, the dis-

trict court chose to proceed. The jury found Muzevsky guilty, but the court advised defense counsel that it would not rule on a motion for a new trial, which was based on the defendant's absence, until Muzevsky was in custody. This procedure, the court explained, would give Muzevsky ample opportunity to justify, if possible, why he failed to appear. Then even if the court ruled against him, his counsel would be able to note a timely appeal. The court also issued a bench warrant and ordered that Muzevsky be held without bail until it could ascertain the reason for his absence.

Muzevsky was apprehended 17 months later, living under a different name. At the hearing on a motion for a new trial, the court found that Muzevsky knew of his obligation to be present at trial and voluntarily had absented himself without excuse, effectively waiving his right to be present. The court explained that it had proceeded with the trial because it was concerned that delay would lead accomplices testifying against Muzevsky to change their testimony and that the other witnesses, mostly transient hotel employees, would not be available for a second court appearance. Moreover, the court noted that at the time of the trial no information was available that would have allowed the court to predict if Muzevsky would appear in a reasonable time—if at all. Finding that Muzevsky's absence from the trial resulted in no prejudice, the court denied the motion for a new trial and imposed sentence.

■ An accused has a constitutional right to be present in the courtroom at every stage of his trial, but he may waive that right. *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). Rule of Criminal Procedure 43(b) provides that the defendant's presence is not required when he "voluntarily absents himself after the trial has commenced...." Muzevsky argues that his absence before the trial commenced falls outside the scope of the rule.

Muzevsky's argument is foreclosed by *United States v. Peterson*, 524 F.2d 167, 182–86 (4th Cir.1975). In *Peterson*, rule 43 was considered in light of the constitutional purpose of the guarantee of a defendant's presence. The court held that "a defendant may waive his right to be present at the commencement of his trial just as effectively as he can waive his right to be present at later stages of the proceedings." 524 F.2d at 184. *See also United States v. Powell*, 611 F.2d 41 (4th Cir.1979). *Peterson* also holds that the decision whether to proceed in the accused's absence is vested in the sound discretion of the trial court, and it mentions a number of factors the court should consider in exercising its discretion. 524 F.2d at 185.

Muzevsky contends that *Peterson* is distinguishable because it involved multiple defendants and 20 witnesses. He also argues that if *Peterson* applies, the district court failed to consider the factors governing its discretion before proceeding with the trial.

Muzevsky was tried alone, and eight witnesses testified. But these distinctions do not render the principles explained in *Peterson* and *Powell* inapplicable. The reasoning of these cases does not compel a *per se* rule that single defendant trials cannot proceed in the defendant's absence. Several of the factors the district court should consider, such as the difficulty in rescheduling and the possibility of prejudice to the government and codefendants, are exacerbated in multiple defendant trials. However, considerations such as the likelihood of the trial soon taking place with the defendant present and the preservation of testimony are more likely to be affected by circumstances other than the number of defendants.

*Peterson* did not address the question of when the district court must make the findings justifying immediate trial. At the hearing on Muzevsky's motion, the district court explained why it decided not to postpone the trial and to deny defendant's motion for a new trial. Its findings at the post-trial hearing satisfied the requirements set forth in *Peterson*.

■ If the court knows the reasons for the defendant's absence, the entire *Peterson* analysis should be undertaken at the time the defendant fails to appear. In the proper circumstances, a short postponement of the trial might prevent the need to try an absent defendant. However, when the court does not know the reasons for the defendant's absence and has no basis to believe that the trial can be rescheduled within a reasonable time, consideration of the government's difficulty in reassembling its proof may dictate an immediate trial. This determination should be undertaken in accord with *Peterson,* and the court should state its reason for proceeding. When a continuance is not granted, a court should follow the procedure that the district judge adopted in Muzevsky's case and withhold decision on the motion for a new trial and sentencing until it can learn whether the defendant voluntarily waived his right to be present.

AFFIRMED.