UNITED STATES of America

v.

Carlos Nikolai
STRUSBERG–GONZALEZ
a/k/a Nick, et al.

UNITED STATES of America

v.

Mauro Laurent TAGINI a/k/a
Laurent Mauro Tagini.

Crim. Nos. K–85–0330, K–85–0374.

United States District Court,
D. Maryland.

Jan. 7, 1986.

J. Frederick Motz, U.S. Atty., Donna Helen Triptow, and James Savage, Asst. U.S. Attys., Baltimore, Md., for plaintiff.

Richard Sharpstein, Coconut Grove, Fla., for defendant Carlos Nikolai Strusberg-Gonzalez.

Douglas Kelly, and Mark A. McGrath, Minneapolis, Minn., for defendant Franklyn Strusberg-Gonzalez.

Mark S. Wernick, and William J. Mauzy, Minneapolis, Minn., for defendant Jose Lenin Strusberg-Gonzalez.

Stephen J. Cribari, Asst. Federal Public Defender, Baltimore, Md., for defendant Roland Sokol.

Robert G. Davis, Minneapolis, Minn., for defendant Mauro Laurent Tagini.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Chief Judge.

Following a trial by jury commencing on September 19, 1985, defendants Jose Lenin Strusberg-Gonzalez and Franklyn Strusberg-Gonzalez were convicted, *in absentia*,[1] of conspiracy to import cocaine and methaqualone into the United States, 21 U.S.C. § 963, and conspiracy to distribute the said controlled substances within the United States, 21 U.S.C. § 846.[2] Following his conviction, defendant Jose Strusberg-Gonzalez moved for a judgment of acquittal or for a new trial on the grounds that the Court erred in granting the Government's motion for a trial *in absentia*, in denying that defendant's motion for a severance, in allowing comment during trial with regard to the said defendant's absence, and in giving a flight instruction.[3] Defendant Franklyn Strusberg-Gonzalez also moved, after trial, for a judgment of aquittal or for a new trial, asserting that the verdict is contrary to the weight of the evidence and is not supported by substantial evidence, that that defendant's motion for a judgment of acquittal at the close of the Government's evidence and at the close of all evidence should have been granted, that the Court erred in holding trial of the two defendants *in absentia*, that the Court's jury instructions were erroneous, that the verdict was contrary to law, and

---

1. Defendants Jose Strusberg-Gonzalez and Franklyn Strusberg-Gonzalez remained absent throughout the trial of this case. Bench warrants were issued by this Court, well prior to trial, for their arrest; however, to date defendants have not surrendered or been apprehended and have not appeared in this Court. Thus, to the extent the within Memorandum and Order refers to motions of the said absent defendants, those references are to motions made on behalf of the said two defendants by their respective counsel. The reasons why this Court proceeded to trial without delay and without permitting additional time to elapse during which efforts to apprehend one or both of the two absent defendants could have continued, were fully explored, considered and set forth in rulings by this Court, prior to commencement of trial, as required by the case authorities cited in the first unnumbered paragraph of n. 8 *infra*.

2. Defendant Carlos Nikolai Strusberg-Gonzalez was also charged with violations of 21 U.S.C. §§ 846 and 963. Defendant Mauro Laurent Tagini was charged only with a violation of 21 U.S.C. § 846. Defendants Carlos Strusberg-Gonzalez and Mauro Laurent Tagini were present for trial and were tried jointly in a jury trial with defendants Jose Lenin Strusberg-Gonzalez and Franklyn Strusberg-Gonzalez, over the objection of counsel for Jose Lenin Strusberg-Gonzalez and counsel for Franklyn Strusberg-Gonzalez. Paper No. 110. Defendant Mauro Laurent Tagini was found not guilty. Defendant Carlos Strusberg-Gonzalez was found guilty of violating § 963 and not guilty in connection with the § 846 charge.

3. Paper No. 119.

that the interests of justice require an acquittal or new trial.[4]

The question arises as to whether this Court should rule at this time on the two absent defendants' motions or should hold those motions *sub curia* for some period of time. Counsel for defendant Jose Strusberg-Gonzalez has asked this court to hold his aforedescribed motion *sub curia* until that defendant appears in person in this Court, and that this Court not sentence the said defendant until such time as well.[5] Counsel for defendant Franklyn Strusberg-Gonzalez has taken those same positions.[6] Counsel for the Government agrees that this Court should not sentence the said two defendants until they are apprehended and further concedes that to the extent the motions for acquittal or for a new trial relate to the propriety of holding trial *in absentia* the said motions should be held *sub curia* at this time. Counsel for the Government, however, urges that to the extent the said motions relate to other grounds, such as sufficiency of the evidence and propriety of refusing to sever the trials of the absent defendants, this Court should rule on those motions at this time.[7]

■ The initial question presented is whether the defendants may be sentenced *in absentia*. The case law teaches that "a defendant *must* be present at sentencing. Only in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence a defendant *in absentia*, and then only under appropriate safeguards, as where the defendant has expressly waived his right to be present either by sworn affidavit or in open court on the record." *United States v. Brown*, 456 F.2d 1112, 1114 (5th Cir. 1972), *cert. denied*, 415 U.S. 960, 94 S.Ct. 1490, 39 L.Ed.2d 575 (1974) (emphasis in

original); *see also United States v. Turner*, 532 F.Supp. 913, 915–16 (N.D.Cal.1982); *United States v. Persico*, 87 F.R.D. 156, 157 (E.D.N.Y.1980); Fed.R.Crim.P. 43(a). As noted, the Government concedes that the defendants should not be sentenced *in absentia*. Accordingly, this Court will not sentence the said two defendants until such time as they are apprehended, or surrender and appear in this Court for sentencing, at least not without a further hearing and a further Order of this Court.

The second question is whether this Court should hold the pending motions for acquittal or for a new trial *sub curia* at this time, and if so to what extent and for how long. As noted *supra*, the Government agrees that to the extent the motions for a new trial relate to the *in absentia* issues, the motions should be held *sub curia* until the defendants are apprehended. However, the Government takes the position that the motions for acquittal and the motions for a new trial, insofar as those motions relate to non-*in absentia* issues, should be fully considered and should be denied at this time. Seemingly, defendants' request that this Court hold their motions *sub curia* relates only to their motions for a new trial and not to their motions for judgment of acquittal.

In *United States v. Muzevsky*, 760 F.2d 83 (4th Cir.1985), the defendant failed to appear for trial, and was tried and convicted *in absentia*. On appeal following the defendant's apprehension, Judge Murnaghan noted that:

[T]he court advised defense counsel that it would not rule on a motion for a new trial, *which was based on the defendant's absence*, until Muzevsky was in custody. This procedure, the court explained, would give Muzevsky ample opportunity to justify, if possible, why he

---

4. Paper No. 118.

　Defendant Carlos Nikolai Strusberg-Gonzalez also moved for a judgment of acquittal or for a new trial. Paper No. 120. By a marginial Order, Paper No. 130, this Court denied that motion during a sentencing proceeding held on the record in open Court on November 18, 1985 for the reasons set forth on the record during that

proceeding and prior thereto during other record proceedings in this case.

5. Paper Nos. 123, 124.

6. Paper No. 122.

7. Paper No. 125.

failed to appear. Then even if the court ruled against him, his counsel would be able to note a timely appeal. The court also issued a bench warrant and ordered that Muzevsky be held without bail until it could ascertain the reason for his absence.

*Id.* at 84 (emphasis supplied). Judge Murnaghan stated that if a trial has been held *in absentia:*

> [A] court should follow the procedure that the district judge adopted in Muzevsky's case and withhold decision on the motion for a new trial and sentencing until it can learn whether the defendant voluntarily waived his right to be present.

*Id.* at 85. As indicated, in *Muzevsky* defendant's motion for a new trial "was based on the defendant's absence." *Id.* at 84. *Muzevsky* does not appear to address the question of whether a post-trial motion should be held *sub curia* if it rests on grounds not related to the defendant's absence.

■ Seemingly, the case law is silent as to the proper resolution of that latter question. In the absence of authority, this Court opts for deciding at this time the non-*in absentia* post-trial motions issues while the trial of the case is of rather recent vintage. If a ruling on such questions is not presently made, this Court and counsel will no longer have the benefit of that not too distant experience. Since the time for appeal by one or both of the said two defendants will not begin to run until

entry of judgment following sentencing, multiple appeals will not be occasioned if this Court rules at this time with regard to the non-*in absentia* grounds for the said post-trial motions.

Accordingly, this Court will at this time reach the merits of those post-trial non-*in absentia* issues. So doing, this Court denies relief based upon those grounds raised by counsel on behalf of the said two absent defendants before, during and/or after trial and holds to each of its previous rulings with regard to those matters, for the reasons previously stated by this Court on the record during pretrial and trial proceedings in this case.[8]

■ As to the motions for judgments of acquittal or for a new trial filed by those two defendants on grounds of lack of weight and/or sufficiency of evidence, "[t]he test for deciding a motion for a judgment of acquittal is whether 'the evidence and inferences therefrom most favorable to the prosecution would warrant the jury's finding the defendant guilty beyond a reasonable doubt.' *Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978)." *United States v. Dominguez,* 604 F.2d 304, 310 (4th Cir. 1979), *cert. denied,* 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 644 (1980). Herein there was substantial evidence from which the jury could find beyond a reasonable doubt that each of the said two defendants was guilty of the charges brought against them. That evidence included the live testimony of Anthony Benanti, Walter

8. As to the propriety of holding trial *in absentia,* see *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *United States v. Muzevsky,* 760 F.2d 83 (4th Cir.1985); *United States v. Schocket,* 753 F.2d 336, 339–40 (4th Cir.1985); *United States v. Beltran-Nunez,* 716 F.2d 287, 289 (5th Cir.1983); *United States v. Powell,* 611 F.2d 41 (4th Cir.1979); *United States v. Peterson,* 524 F.2d 167, 182–86 (4th Cir.1975), *cert. denied,* 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334 (1976); *United States v. Tortora,* 464 F.2d 1202, 1208–10 (2d Cir.1972), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972).

As to the propriety of a flight instruction when given, as in the within case, when a defendant is tried *in absentia, see United States v.*

*Touchstone,* 726 F.2d 1116, 1118–20 (6th Cir. 1984); *United States v. Schwartz,* 535 F.2d 160, 165 (2d Cir.1976), cert. denied, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 581 (1977); *United States v. Lobo,* 516 F.2d 883 (2d Cir.1975), *cert. denied,* 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975); *see also United States v. Beahm,* 664 F.2d 414, 419–20, 422 (4th Cir.1981); *United States v. Hernandez-Miranda,* 601 F.2d 1104, 1106–07 (9th Cir.1979).

As to the propriety of joint trials when a claim of antagonistic defenses is asserted, as it was herein on behalf of several of the defendants, *see United States v. Becker,* 585 F.2d 703, 707 (4th Cir.1978), *cert. denied,* 439 U.S. 1080, 99 S.Ct. 862, 59 L.Ed.2d 50 (1970).

Schieche, Fabio Bennetti, Ray Malcheski, as well as numerous tape recordings. Accordingly, defendants' said contentions are denied.

In sum, the absent defendants' said motions for a judgment of acquittal or for a new trial are hereby denied, except that to the extent those said motions are based upon the grounds that this Court erred by holding trial *in absentia*, those motions will be held *sub curia* as to each of the said absent defendants until such time as such defendant appears in this Court for a hearing on those motions.