**UNITED STATES of America, Plaintiff,**

v.

**Luis Rodolfo ZAVALA-SERRA, Cesar Augusto Arguedas-Prieto, Efrain Espinosa De La Paz, Edwin Gilbert Barrantes-Artavia, Maria Novoa Cruz, Defendants.**

**Cr. No. 86-01478-04.**

United States District Court,
Hawaii.

July 6, 1987.

Daniel A. Bent, Michael K. Kawahara, U.S. Attorneys Office, Honolulu, Hawaii, for plaintiff.

Ignacio Garcia, Honolulu, Hawaii, for defendants.

ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S APPLICATION TO TRY DEFENDANT EDWIN GILBERT BARRANTES–ARTAVIA IN ABSENTIA

KAY, District Judge.

On June 8, 1987, the United States of America filed its "Application to Try Defendant Barrantes in Absentia." This Application applied only to the trial of defendant EDWIN GILBERT BARRANTES–ARTAVIA ("Barrantes"), as the charges against the other defendants in this case have already been disposed of.

This Application came on for hearing before this Court, the Honorable Alan C. Kay presiding, on June 9, 1987. Appearances were as follows: Michael K. Kawahara, Assistant United States Attorney, District of Hawaii, on behalf of the United States of America, and Ignacio R. Garcia, Esq., representing defendant Barrantes (defendant himself not being present).

After considering the written and oral argument presented, the facts contained in the supporting Declaration of Counsel (also filed on June 8, 1987), and the Record and files herein, this Court has determined that:

1. Barrantes has, by his failure to appear, waived his Sixth Amendment right to be present at his trial, currently scheduled to commence June 10, 1987 (with jury selection by the Magistrate occurring on June 8, 1987), and

2. Inasmuch as the prosecution's case can be severely prejudiced by an indeterminate trial postponement until such time that Barrantes is apprehended and brought back to this District (if such occurs at all), it is in the interests of justice that trial currently proceed as scheduled in the absence of Barrantes.

The remainder of this Order discusses the Court's reasons for entering the foregoing findings and granting the Government's Application.

## I. RELEVANT FACTS AND PROCEDURAL POSTURE OF THIS CASE:

Barrantes was first joined as a defendant in this case by the First Superseding Indictment returned by a Federal Grand Jury on January 8, 1987. After the conclusion of Rule 40 removal proceedings before the U.S. District Court for the Central District of California, Barrantes appeared in this District on his own recognizance on February 6, 1987 for his arraignment and plea before the Magistrate. At that time, the Magistrate released Barrantes on a $20,000 signature bond, which was to be secured by Barrantes' residence located at 12243 Dunrobin Avenue, Downey, California, with Barrantes submitting the appropriate paperwork to implement the foregoing with the Central District.

Barrantes' suppression motion relative to his written, post-arrest statement was set for hearing in this District before visiting U.S. District Judge Richard A. Gadbois on March 9, 1987. Barrantes appeared in Honolulu for this hearing and testified therein, returning back to his home in the Los Angeles area after its conclusion.

Barrantes' trial date, along with that of his co-defendants LUIS RODOLFO ZAVALA–SERRA and MARIA NOVOA CRUZ, was originally set for the week of March 17, 1987. However, as a result of this Court's granting of a severance motion on *Bruton* grounds, Barrantes' separate trial was rescheduled for the week of April 7, 1987.

During the week immediately prior to the April 7 trial date, it came to this Court's attention that Barrantes' prior two attorneys (Arlene Piper, Esq., and Alexandra Kaan, Esq.) were experiencing trial preparation problems. During the course of two pretrial conferences held on April 1 and 3, 1987, the Court was advised that Barrantes had, in writing, released Ms. Piper as his attorney of record on the condition that Ms. Kaan would represent him at trial. However, Barrantes had also failed to pay the outstanding balance of the retainer due to Ms. Kaan (which Barrantes himself had acknowledged to this Court during the course of telephonic conference calls in these pretrial conferences and assured he would pay, but never did). Consequently, Ms. Kaan was unwilling to undertake his

trial representation. The effect of Barrantes' actions was to leave him with no defense attorney prepared to go to trial. In view of these difficulties, this Court granted a defense request for a trial continuance until April 28, 1987.

On April 24, 1987, Ignacio R. Garcia, Esq., entered this case as new counsel for Barrantes. In order to permit Mr. Garcia sufficient time to prepare, this Court granted a second trial continuance for defendant until June 9, 1987, with jury selection set for the preceding day, June 8.

During the week of May 25, 1987—two weeks before the trial date—certain disturbing news came to this Court's attention. The Pretrial Services Department for the Central District reported that Barrantes was in the process of selling his Downey residence and furthermore, Barrantes had never complied with this Court's bail requirements that he post his Downey property to secure his personal appearance bond. On the basis of this information, Magistrate Tokairin of this Court issued an arrest warrant for defendant on May 28, 1987.

On the following day, May 29, DEA Agents arrested Barrantes in Norwalk, California, pursuant to this Court's warrant. However, after initial appearances before a Magistrate of the Central District on June 1 and 2, Barrantes was released from custody on the condition that he submit all necessary documentation to the U.S. District Court for the Central District to put up his residence as collateral no later than 3:00 p.m. on Friday, June 5, 1987. During the course of these hearings in the Central District, Barrantes expressly acknowledged his awareness of the June 9 trial date in Hawaii.

Barrantes failed to comply with this 3:00 p.m. Friday deadline, and on June 5, 1987, a Magistrate for the Central District issued an arrest warrant for Barrantes.

Furthermore, Barrantes was scheduled to meet with Mr. Garcia at the latter's office in Honolulu at 3:00 p.m. on Sunday, June 7, to prepare for trial. Barrantes neither showed up at Mr. Garcia's office for this meeting, nor had Barrantes ever given Mr. Garcia any indication of being unable to make this meeting. Mr. Garcia had also attempted on Sunday to contact Barrantes on the mainland, without success. Mr. Garcia had last spoken to Barrantes on the telephone on Wednesday, June 3 (at that time, Mr. Garcia had contacted Barrantes at the home of his nephew, a Mr. Morales, as Barrantes was no longer residing at his Downey residence). Mr. Garcia further affirmed to the Court that Barrantes had been given timely, advance notification of the instant jury selection and jury trial dates.

Jury selection commenced on the morning of June 8, 1987 before the Magistrate. A clerk of this Court made three separate calls for Barrantes in the Courthouse, but Barrantes did not appear. Inasmuch as he had not spoken to Barrantes since the prior Wednesday, Mr. Garcia could give no explanation to the Magistrate for Barrantes' absence. Jury selection in Barrantes' case, with Mr. Garcia present, proceeded in defendant's absence.

During the instant June 9 hearing, Barrantes was again absent. Mr. Garcia reaffirmed the foregoing and could offer no excuse for Barrantes' absence. In addition, counsel for the United States represented that the Magistrate's June 5, 1987 arrest warrant from the Central District was still outstanding; therefore, it was clear that Barrantes' absence could not be accounted for by an arrest in California.

In addition, this Court during the course of the instant June 9 hearing placed a long distance, telephonic conference call to Mr. Morales for the purpose of securing additional information about Barrantes' current whereabouts. Mr. Morales indicated that he last saw Barrantes on Thursday, June 4, 1987. Mr. Morales also claimed that he did not know where Barrantes currently was.

## II. ANALYSIS:

The Record is clear that Barrantes affirmatively knew of the current jury selection and jury trial commencement dates. Moreover, Barrantes has not kept in communication with his defense counsel nor

advised him of his current whereabouts. Therefore, the only conclusion which that Court can draw from these facts is that Barrantes has consciously elected not to appear at his trial and there is no excuse justifying his failure to appear.

Furthermore, the Record also indicates that Barrantes has consciously engaged in a deliberate course of conduct to avoid trial in this case. Last April, it was Barrantes' failure to pay his attorney which led to the trial continuance at that time. Because new defense counsel required additional time to familiarize himself with the case, a further trial continuance was necessary. The effect of Barrantes' own actions at that time was to secure for him a trial delay of some two months. Moreover, the recent discovery that Barrantes has not made any effort whatsoever to post his residence as security, in direct violation of this Court's conditions of release, demonstrates that Barrantes planned to flee without penalty to himself, leaving this Court with a worthless and uncollectable personal appearance bond. Finally, Barrantes' failure to appear at the commencement of trial shows that he has used this additional time from the aforesaid trial continuances to make good his plans to escape.

In the present case, the United States intends to call 20 witnesses, ten of whom are from the Los Angeles area and are already present in Honolulu or in the process of traveling here and cannot be called off. Moreover, two of these mainland witnesses are a percipient informant and a cooperating defendant. The United States has expressed a concern that any trial delay of undue duration would severely prejudice the quantity and quality of the prosecution evidence presently available. Of particular concern are the expected testimonies of the informant and cooperating defendant. The cooperating defendant might be deported to Peru after 18 months. This Court is well aware of the relevance and materiality of their expected testimonies from pretrial prosecution submissions, *see, e.g.,* U.S. Attorney's letter addressed to this Court, dated and filed June 5, 1987, which summarizes the accomplices' testimonies. As past experience has amply demonstrated, in many instances such accomplice-witnesses have over the passage of time become hostile to the Government for a variety of reasons and/or become unlocatable to subpoena for trial.

In addition, nearly all of the remaining Government witnesses are law enforcement officers, Federal and State. Given the inherent dangers of their occupation, it is entirely foreseeable that their expected testimonies in this case may be lost as a result of line-of-duty death and injury. The Court also notes that in this case—the relevant events of which only occurred last October—one of the Los Angeles County Deputy Sheriff-witnesses has already retired and left the Los Angeles area. As time progresses, such normal occurrences and changes in occupation may render even the police witnesses unlocatable at a later time.

In this case, there is already one fugitive defendant, EFRAIN ESPINOSA DE LA PAZ, a resident at Barrantes' Downey home at the time of the DEA search on October 31, 1986. Espinosa failed to appear for his March 30, 1987 sentencing hearing, and the arrest warrant for him still remains outstanding nearly 2½ months later. While this Court does not in any way attribute Espinosa's absence to Barrantes nor considers it as a substantive reason for its instant ruling, the Espinosa situation clearly illustrates that trial herein for Barrantes, if continued, would similarly entail a prolonged delay.

The Court is thus faced with two alternatives: *first,* to continue this trial for an indeterminate period until such time that Barrantes is apprehended, if ever at all. Such a continuance would not significantly affect defendant but could greatly prejudice the prosecution for the reasons enumerated earlier; or *second,* to proceed with trial *in absentia,* with defense counsel of record representing Barrantes during the course of the trial. This latter alternative, of course, means that without the defendant present to assist him, defense counsel's efforts to represent his client during the trial may be more difficult.

### III. APPLICABLE LAW:

The law is clear that if a defendant absents himself without justification after a trial has commenced, then the trial may still proceed to its conclusion in his absence. By his voluntary act of absenting himself, the defendant is deemed to have waived his Sixth Amendment confrontation right to be present at trial. *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973), *United States v. Marotta*, 518 F.2d 681, 683 (9th Cir.1975). For this waiver to occur, it is not necessary for the defendant to be expressly warned of his rights, nor is it necessary for such a waiver to appear on the record. "The defendant's failure to assert his right [to be present at trial] was an adequate waiver." *United States v. Gagnon*, 470 U.S. 522, 105 S.Ct. 1482, 1486, 84 L.Ed.2d 486 (1985).

Although the issue has not presently been squarely addressed by the Supreme Court, a number of lower Federal Courts have held that a defendant may similarly waive his right to be present at trial if he fails to appear at its commencement and had appropriate advance notice of the trial date. For example, in *Gov't of the Virgin Islands v. Brown*, 507 F.2d 186 (3d Cir. 1975), the Third Circuit noted:

> ... we do not perceive any talismanic properties which differentiate the commencement of trial from later stages. It would be anomalous to hold that a defendant cannot waive his right to be present during the period of often routine voir dire questioning [during jury selection] but can waive that right during the time when witnesses against him are presenting crucial evidence.
>
> The commencement of a trial in the absence of a defendant might have some special significance under Rule 43 if the defendant did not know when the trial was to begin. Under such circumstances, a defendant's absence obviously could not be said to be a waiver of his right to be present. This, however, is not the situation here. Brown was released on bail, one of the conditions of his release being that he appear at the start of his trial. 507 F.2d at 189.

In addition, the Second and Fourth Circuits have expressly agreed with the Third Circuit's observations in *Brown, supra.* These Circuits have consistently held that defendant's confrontation right is waived by his knowing failure to appear at the commencement of trial. Moreover, in such a situation, the trial judge in his discretion may elect to proceed with the trial in defendant's absence. Among the factors to be considered in proceeding with trial *in absentia* are, *inter alia*, the number of defendants involved, the complexity of the case, the degree of difficulty in rescheduling trial, the ability of the prosecution to reassemble its case at a later time, etc. *See, e.g., United States v. Sanchez*, 790 F.2d 245 (2d Cir.1986), *United States v. Barton*, 647 F.2d 224 (2d Cir.1981), *United States v. Tortora*, 464 F.2d 1202 (2d Cir. 1972), *United States v. Muzevsky*, 760 F.2d 83 (4th Cir.1985), *United States v. Schocket*, 753 F.2d 336 (4th Cir.1985), *United States v. Powell*, 611 F.2d 41 (4th Cir.1979).

The recent, Fourth Circuit *Muzevsky* case is very relevant to this case. Because of the similarity of that case to the instant proceeding, this Court finds its analysis to be cogent and determinative of the issue herein. *Muzevsky* involved a single defendant case with eight prosecution witnesses involved in the case-in-chief. The defendant failed to appear on the scheduled trial date, and although the case was not particularly complex, the District Court decided to proceed with the trial *in absentia.* Among the factors considered by the Court in making this ruling was that a delay could lead to accomplice-witnesses changing their testimony and the future potential unavailability of other, presently-available prosecution witnesses. Moreover, it could not be determined whether the absent defendant would be apprehended or appear within a reasonable time. On appeal, the Fourth Circuit affirmed the District Court's ruling, holding that the District Court did not abuse its discretion in proceeding with the trial under these circumstances. The Fourth Circuit further noted that trial *in absentia* is not limited to only multi-defendant, complex cases. These same factors

mentioned in *Muzevsky* are present in the instant case and dictate a similar result.

This Court further believes that Ninth Circuit law would be consistent with the Second, Third, and Fourth Circuits' position on this Sixth Amendment issue. In *Brewer v. Raines*, 670 F.2d 117 (9th Cir.1982), the Ninth Circuit stated that:

> A defendant's knowing, intelligent and voluntary absence from his trial acts is a waiver of his Sixth Amendment right to confrontation. And lest there be any misconception, nothing in *Diaz* suggests that this voluntary absence must take place after the trial has begun in order for there to be a waiver. This was simply the factual situation in which the question arose. A court is not precluded from holding a trial if the defendant voluntarily waives his presence before the trial commences. 670 F.2d at 119.

In view of the foregoing persuasive authorities, this Court holds that it is entirely proper under the circumstances of this case for the jury trial to proceed in Barrantes' absence. It is quite apparent · that Barrantes has done his utmost to avoid having to go to trial. Another trial continuance at this late juncture, with no assurance whatever that this trial could proceed within a reasonable time, hardly serves the public interest and would impact adversely upon the prosecution's presently-available evidence.

This Court is very sympathetic to defense counsel's expressed concerns about trying this case in the absence of his client. Nevertheless, this Court believes that defense counsel is as well-prepared as he could ever be under the present circumstances. Defense counsel has had the Government's witness/exhibit lists, copies of the Government's documentary exhibits, and *Jencks* Act material (disclosed to Barrantes' prior counsel of record) for over a month. Defense counsel also has the transcripts from the prior Zavala-Novoa trial, in which all of the present prosecution witnesses expected to be called in this trial actually testified on the same subject matter as involved herein. Defense counsel herein faces the same difficulty as did the absent defendant's attorney in *Sanchez, supra,* of being unable to put on the best case without his client's face-to-face advice and presence. But as the Second Circuit in *Sanchez* correctly observed, Barrantes has brought this upon himself by failing to appear for his trial.

It is therefore the Order of this Court that the United States' Application is hereby GRANTED and Barrantes' jury trial proceed *in absentia* as scheduled. As in *Muzevsky,* should the jury render a verdict against the defendant, this court will defer hearing any motion for new trial or sentencing until defendant is apprehended or surrenders so as to allow him an opportunity to justify his absence (and to determine whether or not he voluntarily waived his right to be present and confront the witnesses) and to allow a timely appeal. However, in the event the defendant is not apprehended or does not surrender within a reasonable time after any conviction, this court will then determine whether to sentence him *in absentia*.