850 F.2d 690
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Olufemi Adetayo ARAOYE, Defendant-Appellant.
 No. 88-5018.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 6, 1988.
Decided: June 24, 1988.
 
 George E. Tuttle, Jr. (Hoeting, Tuttle & Woehrle), for appellant.
 Anne E. Blair, Assistant United States Attorney--Baltimore; Henry E. Hudson and Pamela G. Larrabee, Assistant United States Attorneys--Alexandria, for appellee.
 Before HARRISON L. WINTER, Chief Circuit Judge, and DONALD RUSSELL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant was convicted of using credit cards to defraud in violation of 18 U.S.C. Sec. 1029(a)(2). He appeals claiming that his trial should have been continued when he failed to appear, and that there was no probable cause for his arrest so that the evidence obtained in the search incident to his arrest should have been suppressed. We find no merit in either exception and we affirm.
 
 
 2
 When the appellant attempted to purchase more than $1,000 of men's clothing from a Neiman-Marcus store by use of an American Express credit card issued in the name of Michael Allen Smith, store officials asked that he wait for verification of credit from American Express, or that he apply for a Neiman-Marcus credit card. He filled out an application for a Neiman-Marcus credit card and because of some obviously false information contained in his application, store officials suspected fraud and a store security officer contacted a Secret Service agent involved in credit card fraud investigation. This agent came immediately to Neiman-Marcus, conducted an investigation and discussed the credit card application with the appellant. After the appellant verified the information contained on the credit application, the Secret Service agent placed him under arrest and conducted a search of his person which revealed an immigration paper in the name of Olufemi Adetayo Araoye. Shortly thereafter the contents of his mailbox were subpoenaed and revealed other credit cards, bills for items charged on credit cards and some credit card rejection letters.
 
 
 3
 Appellant was arraigned on December 10, 1985 and notified that his case would be tried on January 14. Appellant was released on a personal recognizance bond on the condition that he appear for trial on January 14, 1986. A hearing on defendant's motion to suppress was held on January 3, 1986, and the judge found probable cause for the arrest and denied the motion to suppress. On January 14, 1986, defendant's case was called for trial and he did not appear. The government was present with its witnesses and ready to proceed with trial. The district judge found the defendant was aware of the date of trial, that he knew he was required to attend and that he voluntarily absented himself from trial. The judge denied the motion to continue and proceeded with the trial in which appellant was convicted. It was not until December, 1987 that appellant was captured and sentenced.
 
 
 4
 Appellant contends that to waive his right to be present at trial it was necessary for him to be present when his trial began, and he cites Rule 43(b)(1) of the Federal Rules of Criminal Procedure which states in part:
 
 
 5
 The defendant shall be considered to have waived the right to be present whenever a defendant, initially present, is voluntarily absent after the trial has commenced....
 
 
 6
 We addressed this argument in Peterson v. United States, 524 F.2d 167 (4th Cir.1975) and United States v. Muzevsky, 760 F.2d 83 (4th Cir.1985), holding that a defendant's presence is not an indispensable prerequisite to the commencement of a trial and that the court may proceed with the trial in the absence of the defendant if the court concludes that the defendant voluntarily waived his right to be present, and that the government would be prejudiced if a continuance were granted. In the present case the trial judge made the necessary findings and it was proper for him to proceed with the trial of the defendant in his absence.
 
 
 7
 Appellant contends that there was not probable cause for his arrest, but we find that the Secret Service Agent had probable cause based upon the obvious false information presented by Araoye on his application for credit, the sizable amount of clothing he was attempting to charge at Neiman-Marcus and the experience of the Secret Service Agent and a store security officer in handling credit card fraud matters.
 
 
 8
 We find that the briefs are sufficient to present and argue the questions raised in this appeal and that oral argument would not benefit the court in this case. We therefore decide the case on the briefs and we
 
 
 9
 AFFIRM.