**UNITED STATES of America, Plaintiff,**

v.

**Rolando CARILLO, et al., Defendants.**

**No. 90–0154–Cr.**

United States District Court,
S.D. Florida.

Aug. 2, 1991.

Allan B. Kaiser, Asst. U.S. Atty., Miami, Fla., for plaintiff U.S.

Leonard F. Baer, Coral Gables, Fla., for defendant Rolando Carillo.

## MEMORANDUM OPINION

JAMES LAWRENCE KING, Chief Judge.

On March 5, 1990, defendants Juan Carlos Alonso and Rolando Carillo, along with seven others, were indicted on two counts involving the importation of cocaine into this country. Following Alonso's and Carillo's appearances in court, at which the two defendants were advised of the charges, arraigned, and at which they entered not guilty pleas to the indictment,[1] the court held a hearing on March 29, 1990 for the sole purpose of selecting a date for trial. At this hearing, after carefully resolving all scheduling conflicts, counsel agreed to a definite trial date for this three-week trial of November 19, 1990. An order setting the case for trial on the agreed-upon date was signed on March 29, 1990.[2]

At a hearing held three days prior to the date of the trial, the attorneys representing Alonso and Carillo stated that they had not been able to contact their clients during the past few days. Both attorneys said they did not think their clients would appear for trial. Indeed, defendants Alonso and Carillo did not appear for the commencement of the trial. The other two defendants scheduled to be tried with Alonso and Carillo appeared with counsel ready for trial.

The government moved to try all defendants, including Alonso and Carillo, *in absentia*. Counsel for defendants moved to sever and continue the case. After considering argument of counsel, the government's motion was granted.

March 29, 1990 is the date counsel and the Court agreed to a firm trial date of November 19th. This gave the defendants and counsel nearly eight months to prepare for trial. When this Court sets a trial date after conferring with counsel as occurred in this case, the date is "set in concrete." The Court cannot efficiently operate in any other manner. Currently, an average of 120 criminal cases are filed each month in the Southern District of Florida. This district can expect 1,440 criminal cases to be filed in the next year. Added to the current criminal caseload pending of 1,199 cases, a total of 2,639 cases will be filed in 1991. 28.45% of these cases will proceed to trial before juries. 71.55% will end by plea or dismissal.[3] 689 criminal jury trials, averaging 62 trials per judge, must be tried in the next year.

The postponement of this trial for two weeks was an extremely unusual occurrence, but one that was necessitated by a conflict with counsel. Although the trial date was postponed for one week on two separate occasions, both Alonso and Carillo knew the charges against them and the date the trial was to begin, December 3, 1990. Their pre-trial release bond agreements required their presence. Both defense attorneys stated they were in contact with the defendants up until just a few days before the calendar call on November 30, 1990, apprising their clients of the latest developments regarding their cases. Alonso's counsel stated that he last spoke with his client on November 27th. Carillo's counsel stated that he last spoke with his client on November 28th. As stated previously, it was November 21st when the court reset the trial date for the last time. It is clear that all defendants knew the trial date.

■ With the caseload as it is, the Court has no option except to adhere to its rigid trial schedule. Continuances, in a well-administrated trial court, cannot be granted except in the rare case of unexpected illness or sudden emergency. The South-

---

1. On August 27, 1990, a superseding indictment was returned adding an additional count to the indictment. Alonso and Carillo were arraigned on the superseding indictment on September 10, 1990. They entered pleas of not guilty as to the third count as well.

2. Counsel for Carillo subsequently realized that an unrelated trial in which he was involved would last longer than anticipated and would likely conflict with the trial in this case. To accommodate Carillo's counsel, the court, by order dated October 26, 1990, reset this trial for November 26, 1990. Again to accommodate Carillo's counsel, on November 21, 1990, the court reset the trial for December 3, 1990, and communicated this to all counsel by telephone.

3. Statistics compiled by Clerk of Court, based on a five-year average 1985–1990.

ern District of Florida cannot try cases twice. For this reason, the severance of Alonso and Carillo from this multiple-defendant case is no answer to the problem presented by their voluntary failure to attend the trial. This is a complicated drug smuggling trial, scheduled to last for three weeks. The government has stated that it plans to call 15–20 witnesses.

Apart from the cost to the taxpayers, the inconvenience to the court, and the burden on the government to undertake full preparation of two trials, it is unreasonable to sever or continue this case. The likelihood that the trial could occur in the near future with defendants Alonso and Carillo is very remote. All of the circumstantial evidence makes it clear that Alonso and Carillo have voluntarily fled with the intent of avoiding this trial. Neither Alonso's nor Carillo's families have been notified by a hospital or the police of an accident or arrest preventing defendants' appearance. In fact, Carillo's counsel stated that Carillo's wife has not called the police to file a missing person report.

Courts have a legitimate concern over the substantial cost of trying a lengthy trial twice.[4] The cost of the jury alone is $770/day, or $11,550 for an estimated three-week case.[5] Witness fees, salaries of the judge, U.S. Marshals, courtroom deputy, court reporter, court security officers, and other supporting judicial personnel increase the total financial burden to the taxpayer.

If separate trials are to be provided for defendants in multiple-defendant cases who elect not to appear for trial these costs are doubled or tripled, depending on the number of trials the court must provide in order to accommodate the whims of the fugitive defendants.

▇ Federal Rule of Criminal Procedure 43(b)(1)[6] and the Supreme Court have both made clear that if a defendant absents himself without justification after a trial has commenced, then the trial may still proceed to its conclusion in his absence. By his voluntary act of absenting himself, the defendant is deemed to have waived his Sixth Amendment confrontation right to be present at trial. *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *United States v. Zavala–Serra*, 666 F.Supp. 1432 (D.Haw.1987).

Following the Supreme Court's opinion in *Taylor*, the former Fifth Circuit[7] stated that a defendant's voluntary absence can justify a trial *in absentia*. *United States v. Benavides*, 596 F.2d 137 (5th Cir.1979). The *Benavides* court found the test articulated by the Second Circuit in *United States v. Tortora, infra*, to be particularly cogent.

Whether the trial will proceed will depend upon the trial judge's determination of a complex of issues. He must weigh the likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, particularly in multiple-defendant trials; the burden on the Government in having to un-

**4.** *See* Violent Crime Control Act, S. 1241, 102d Cong., 1st Sess., XXX *Cong.Rec.* XXXXX (1991) (Biden Bill).

**5.** Each juror on a 14–member panel gets $55/day. Figure supplied by the Clerk of Court, Court Services Manager.

**6.** Rule 43 of the Federal Rules of Criminal Procedure embodies the limited right, secured by the Sixth Amendment's Confrontation Clause, of an accused to be present in the courtroom at every stage of the trial. *See Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). Rule 43 states, in pertinent part:

(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including

the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required. The further progress at the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,

(1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial)....

**7.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, were adopted by the Eleventh Circuit as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

dertake two trials, again particularly in multiple-defendant trials where the evidence against the defendants is often overlapping and more than one trial might keep the Government's witnesses in substantial jeopardy.

*Benavides,* 596 F.2d at 139 (quoting *United States v. Tortora,* 464 F.2d 1202, 1210 (2d Cir.1972), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972)). To this "complex of issues," the *Benavides* court added another consideration: inconvenience to jurors.

The defendant in *Benavides* was present at the start of the trial, so the Fifth Circuit never addressed whether a defendant not present at the start of trial could be tried *in absentia.* The *Tortora* court, on the other hand, held just this. The Second Circuit discussed the fact that in almost every jurisdiction, waiver of the defendant's right to be present could be found only if the defendant was present at least until the time the jury was empaneled. The court then stated, "[W]e see no reason for a different result when the defendant absents himself ... before the jury has been selected." *Tortora,* 464 F.2d at 1208.

█ Since the Second Circuit's decision in *Tortora,* the Third, Fourth,[8] and Ninth[9] Circuit Court of Appeals have also agreed that a defendant may waive his right to be present at the commencement of trial and be tried *in absentia* if voluntarily absent. The Third Circuit stated, "[W]e do not perceive any talismanic properties which differentiate the commencement of trial from later stages." *Government of the Virgin Islands v. Brown,* 507 F.2d 186, 189 (3d Cir.1975). Indeed, this Court agrees that if a trial *in absentia* is otherwise warranted by virtue of the defendant's voluntary absence, the fact that the defendant was absent from the beginning of trial is of no consequence. The concerns of the court are the same, whether or not the defendant is present for jury selection.

Considering the "complex of issues" announced in *Tortora, Benavides,* and other similar cases, the circumstances of this case, discussed previously, clearly permit this Court to use its discretion and conduct this trial with Alonso and Carillo *in absentia.* Rule 43 is designed for the protection of a defendant's right to be present at each stage of the trial, so that he can safeguard his interests and make sure the justice system does not covertly railroad his interests in life and liberty. To allow a defendant to forestall his trial simply by voluntarily absenting himself from the commencement of trial would pervert the purpose of Rule 43, especially in the circumstances that are present here.

Based on the foregoing discussion, the Court finds that Alonso and Carillo have unjustifiably, voluntarily absented themselves from their trial, about which they both have knowledge. The Court finds that their absence constitutes a waiver of their right to be present at their trial under Rule 43. The Court further finds that the interests in proceeding to try Alonso and Carillo *in absentia,* including those of the Court, the government, and society as a whole, outweigh these defendants' rights to be present at their trial, which they have waived anyway. Accordingly, it is

ORDERED and ADJUDGED that the government's motion to try Alonso and Carillo *in absentia* is GRANTED. It is further

ORDERED and ADJUDGED that Carillo's motion to sever is DENIED.

DONE and ORDERED.

---

**8.** *See, e.g., United States v. Powell,* 611 F.2d 41 (4th Cir.1979); *United States v. Peterson,* 524 F.2d 167 (4th Cir.1975), *cert. denied,* 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99 (1976).

**9.** *See Brewer v. Raines,* 670 F.2d 117, 119 (9th Cir.1982); *Zavala–Serra,* 666 F.Supp. at 1437.